Kenneth S. MacAffer, as Receiver of The Mechanic-
ville and Fort Edward Railroad Company, et al.,
Respondents, *v.* Boston and Maine Railroad,
Appellant.

(Argued May 27, 1935; decided July 11, 1935.)

*Robert E. Whalen* for appellant. The judgment in the 1916 action is conclusive in this action. (*Mygatt* v. *Coe*, 124 N. Y. 212; *Bigelow* v. *Old Dominion Copper Co.*, 225 U. S. 111; *Pringle* v. *Woolworth*, 90 N. Y. 502; *Matter of Delaney*, 256 N. Y. 315; *Pittsburg Carbon Co.* v. *McMillin*, 119 N. Y. 46.) One who as plaintiff has gone into court, invoked its jurisdiction and brought in such parties as were deemed proper, cannot complain that the court determined all the questions needful for a proper disposition of the case. (*Hewitt* v. *Northrup*, 75 N. Y. 506; *Geneva Furniture Co.* v. *Karpen*, 238 U. S. 254; *Rhode Island* v. *Massachusetts*, 12 Pet. 657; *People ex rel. Davis* v. *Sturtevant*, 9 N. Y. 263; *Fisher* v. *Hepburn*, 48 N. Y. 41; *Matter of Youker*, 217 App. Div. 347; *Sumner* v. *Sleeth*, 87 Ill. 500.)

*Frank L. Wiswall* for respondent. The judgment in the 1916 action is not *res adjudicata* here as to any of the matters purported to be decided therein for the reason that the court was without jurisdiction as to other matters,

having found that the plaintiff was without capacity to sue. (*Lewis* v. *O. N. & P. Co.*, 125 N. Y. 341; *Parisi* v. *Hubbard*, 226 App. Div. 380; *People ex rel. Village of Chateaugay* v. *P. S. Comm.*, 255 N. Y. 232; *Bell* v. *Merrifield*, 109 N. Y. 202; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *McDonald* v. *Hygienic Ice & Refrigerating Co.*, 148 App. Div. 539; *Russell* v. *Place*, 94 U. S. 606; *Clark* v. *Scovill*, 198 N. Y. 279; *Hughes* v. *United States*, 4 Wall. 232; *First Nat. Bank* v. *Colby*, 21 Wall. 609; *Pendleton* v. *Russell*, 144 U. S. 640; *Rodgers* v. *Adriatic Fire Ins. Co.*, 148 N. Y. 34; *Robins* v. *Wells*, 1 Robt. 666; *Herzberg* v. *Boiesen*, 53 N. Y. Supp. 256; *Brooks* v. *Boston R. R. Co.*, 211 Mass. 277; *Mumma* v. *Potomac Co.*, 8 Pet. 281; *Venable Bros.* v. *Southern Granite Co.*, 135 Ga. 508; *Merritt* v. *Gate City Nat. Bank*, 199 Ga. 147.) If the Mechanicville and Fort Edward Railroad Company had no corporate existence and could not be sued in dissolution, no judgment could be rendered against it and the cause of action here belongs to the successor trustee and may be asserted by him as such as well as in the corporate name. (General Corporation Law; Cons. Laws, ch. 23, § 29; *People* v. *O'Brien*, 111 N. Y. 1; *De Martini* v. *McCaldin*, 184 App. Div. 222; *Heath* v. *Barmore*, 50 N. Y. 302; *Rexford Flats Bridge Co.* v. *Canal Board*, 96 Misc. Rep. 272; *McCulloch* v. *Norwood*, 58 N. Y. 562; *Sturges* v. *Vanderbilt*, 73 N. Y. 384.)

LEHMAN, J. The plaintiff, Kenneth S. MacAffer, has been appointed receiver of the Mechanicville and Fort Edward Railroad Company in dissolution proceedings. He has also been appointed successor trustee of the same company. Purporting to act in both capacities, he has brought an action in ejectment against Boston and Maine Railroad to recover possession of real property in Saratoga county. A motion made by the defendant to dismiss the complaint pursuant to rule 107, subdivision 5 of the Rules of Civil Practice was granted at Special

Term, but the order granting the motion was reversed by the Appellate Division and the motion denied.

The real property which is the subject of this ejectment action is part of the real property which was included in an ejectment action brought in 1916 by Mechanicville and Fort Edward Railroad Company. The complaint in the action brought in 1916 was dismissed upon the merits. A judgment on the merits constitutes a conclusive adjudication of all the issues litigated therein against the parties and their successors or privies. The judgment. dismissing the complaint upon the merits was entered after the issues raised by the allegations of the complaint and the denials and affirmative allegations of the answer had been litigated and decided, yet the court, in its decision, also found that the plaintiff in that action was not a corporation and had no capacity to sue. For that reason the Appellate Division has held that any decision of the issues upon the merits was beyond the jurisdiction of the court and not binding upon a successor of the plaintiff who has capacity to sue.

" There seems no sound reason why a judgment on an issue in bar, though it also embrace an issue in abatement, should not conclude the parties in all future controversies." (*Sheldon* v. *Edwards*, 35 N. Y. 279, 288, 289.) The reasoning in the opinion in that case is persuasive. The conclusion that under the Code practice of this State, " preliminary issues, and issues on the merits, may be legitimately presented in the same answer and tried at the same time. If they are so presented and tried, the ordinary consequences must necessarily flow from the findings and the judgment entered thereon," has been generally accepted and applied. The plaintiff indeed does not challenge that rule; he claims that it has no application here.

From its very nature, the rule that a judgment on the merits is binding upon the parties to the litigation assumes the existence of such parties. After death, no person,

natural or artificial, can be the owner of a cause of action or can appear in court and litigate a controversy. Since a dead person cannot be a party to an action, those who have succeeded to the rights of action or property of the deceased should not be bound by a judgment rendered against the deceased after death. (*Brooks* v. *Boston & Northern St. Ry. Co.*, 211 Mass. 277; *First Nat. Bank* v. *Colby*, 21 Wall. [U. S.] 609.) We do not now decide whether others, successfully masquerading in the guise of a dead person, natural or artificial, and presenting in that guise a controversy to the court, might not be so bound. That question is not now before us. In the original ejectment action of 1916 the trial court expressly held that the plaintiff had no capacity to sue, because corporate existence and powers were terminated. The present plaintiff has been vested with capacity to sue upon causes of action which belonged to the corporation whose corporate powers to sue had been terminated before the ejectment action was brought by it. The question here presented is whether in the ejectment action the court had jurisdiction to hear and decide the merits of that cause of action. A judgment upon the merits rendered against a person who is not subject to the jurisdiction of the court, and, indeed, not in existence, is futile.

The judgment is in such case futile, because in truth no action is then pending between the parties named. If the plaintiff in that action was not in existence, the defendants named in the summons and complaint were, in fact, not required to appear in court and answer the complaint. Here distinction must be made between a plea in abatement and objection that no action is pending, and that the court is without jurisdiction. The plea in abatement constitutes, under our system, a defense to the action, which must be passed upon by the court in the action itself upon proper motion or pleading. The objection to the jurisdiction of the court may be raised at any time. So in this case, the conclusive force of the

judgment on the merits is not weakened because in the same judgment the court sustained the defendant's plea that the plaintiff did not have capacity to sue if, in fact, an action was then pending. The problem presented is whether the court had jurisdiction of an existing plaintiff, or was without jurisdiction and bound to enter a judgment of dismissal when it appeared and the court found that the plaintiff had no corporate existence and hence no capacity to sue.

Under the practice prevailing in 1916, when the first ejectment action was commenced, an objection that " the plaintiff has not legal capacity to sue " was waived unless taken by demurrer or answer. (Code Civ. Proc. §§ 488, 498, 499.) (Cf. Civ. Prac. Act, § 278.) By express statute, then, that question was to be decided in the action. Even a person without a " legal capacity to sue " had at least capacity to appear in court and submit question of its capacity to the court for decision. The objection does not challenge the jurisdiction of the court to pass judgment; it is in effect a plea in abatement, and invites judgment accordingly. It assumes the existence of a plaintiff, but asserts that the plaintiff rests under a legal incapacity to bring the action. The objection or plea, then, is not that there is no plaintiff in court against whom a binding adjudication may be made on the merits, but only that the plaintiff who is in court has no legal capacity to call upon the defendant to answer the charge upon the merits. Then if the defendant chooses in its answer to challenge both the merits of the charge and the capacity of the plaintiff to make the charge, and the plaintiff, actually in court, chooses to proceed with the litigation, a judgment in favor of the defendant on the merits will be binding on both parties even though the court also decides that the defendant's challenge of capacity to sue should be sustained. In no event, however, can there be a judgment on the merits in an action which fails because no plaintiff

against whom judgment can be rendered, is in court. (Cf. *Wells* v. *Merrill*, 204 App. Div. 696.)

Though the trial court decided that the plaintiff's corporate existence had terminated before the action was commenced, it is quite evident that the court did not intend to decide that termination of the plaintiff's corporate existence resulted in complete destruction of the corporation, in the same manner as the termination of the life of a natural person would destroy such person. Quite evidently the court's conception was only that the corporate powers were destroyed but that for some purposes the artificial person created by law continued to exist — otherwise it would not have rendered a judgment against it on the merits. The defeated plaintiff then appealed to the Appellate Division. It affirmed the judgment (190 App. Div. 887), though if it had held that the appellant was dead, it would have been bound to dismiss the appeal. Thus, throughout the litigation, courts and parties treated the plaintiff as an existing artificial entity, though perhaps deprived of all corporate powers.

Juridical concepts of corporate life may seem out of harmony with such a view. In truth, the analogy between the " life " of an artificial creation of the law and the life of a natural person may not be carried too far. The juridical concept that the State gives " life " to a corporation is only a convenient fiction. Use of biological terms in the field of social relations may produce confusion of thought. The law which gives a corporation that " life " may terminate it for some purposes, yet permit it to continue for others. The statute which decrees that " corporate existence and powers shall cease " (Laws of 1867, ch. 775) when a railroad corporation fails to comply with statutory conditions, makes no provision for the disposition of the corporate property or the winding up of its affairs. Change of status is invisible to the world. It continues to hold its property for the benefit of those

equitably entitled to it. If there be dispute as to whether the conditions have been performed, upon which corporate rights and powers have been granted, it retains "life" sufficient to defend its right to exist. In many respects until dissolution under established form of law, it remains at least a "de facto" corporation, with powers implied by necessity, though not expressed in the statute. Those who directed its destinies while it had corporate existence and powers continued in control of its property thereafter. If judgment in the original ejectment action had been rendered in its favor, could the defendants have attacked that judgment collaterally? We think not. Its claim to right of possession of the real property occupied by the defendants may have been unfounded, its corporate powers may have been terminated, it may have been without legal capacity to sue. Nevertheless, it had at least sufficient existence to present these questions to the court for decision. The defendant, summoned by it to answer, did so successfully. Unsuccessful defense would have resulted in a judgment in favor of the plaintiff on the merits, and the defendants could not thereafter have litigated the same question against the plaintiff which was adjudged to have capacity to sue and valid corporate existence. Successful defense on the merits as well as upon the challenge of the capacity to sue of the plaintiff is binding upon the original plaintiff which had capacity to litigate these questions, though decision was rendered against it, and is also binding upon the present plaintiff whose title to the cause of action here asserted is derived through the original plaintiff.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in this court and in the Appellate Division, and the certified question answered in the affirmative.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.