In the Matter of RUTH SAUBERMAN, Respondent.
AARON GOLDBERG, INC., Appellant.

First Department, December 21, 1943.

*Leo E. Sherman* for appellant.

*Emanuel M. Virshup* for respondent.

CALLAHAN, J. Some time prior to October 22, 1941, petitioner and her husband inspected a row of six houses then under construction on Fenton Avenue in the Borough of The Bronx, city of New York. They selected and agreed to buy the house known by the street number 2534 Fenton Avenue. This house had been completed as a so-called " model house ". A contract of purchase and sale was drawn and executed. By error in the description which was solely by metes and bounds, No. 2536 Fenton Avenue (an unfinished house) was conveyed instead of No. 2534. In ignorance of this error, petitioner moved into No. 2534, though she owned No. 2536.

The plumbing and heating equipment in No. 2534 was paid for, but before the plumbing contractor (appellant herein) would install similar equipment in the other houses, it required from petitioner's grantor (the building company) a conditional sales agreement covering the equipment in the other houses,

including No. 2536. Believing that the building company still owned No. 2536, the conditional sales contract, dated November 24, 1941, named said company as the owner thereof. Thereafter the plumbing equipment was installed in No. 2536, but not paid for in full. A foreclosure action was commenced against all the houses still held by the building company, including No. 2534. It was then discovered for the first time, that petitioner had been living in the wrong house for almost two years. An attempt was made to correct the situation by an exchange of deeds, but this was unsuccessful.

Thereupon petitioner moved this court by ordinary notice of motion given to the conditional vendor, and the County Register, asking for the discharge of record of the conditional sales contract covering the equipment in No. 2536 Fenton Avenue. That relief was granted her by the order appealed from.

We deem that Special Term had no jurisdiction to grant such relief summarily, at least not without the institution of an action joining all necessary parties. Though there are statutory provisions empowering the Supreme Court to summarily cancel conditional sales contracts under certain circumstances (see Personal Property Law, § 72, *et seq.*), petitioner did not take the steps required to bring her within those sections. In fact, she concedes that she is not entitled to relief thereunder. She claims that the present application was properly granted under the inherent powers possessed by a court of equity. But those powers are ordinarily exercised only in actions or special proceedings (Civ. Prac. Act, §§ 4, 5) and not in the informal manner followed here. (*Matter of Braverman,* 242 App. Div. 634.) At times the Legislature directs the court to act summarily on proof of certain facts, but, as we have noted, the only direction found with respect to discharge of conditional sales agreements has no application here. Petitioner must, therefore, proceed by plenary action.

We do not wish to be understood as indicating that we hold any views as to the legal rights or equities of the parties. We do not pass on any question except that of jurisdiction.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

TOWNLEY, GLENNON, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.