In the Matter of RALPH D. TYD, Petitioner, against LOCAL LOAN Co., INC., Respondent.

Supreme Court, Special Term, Kings County, March 6, 1944.

*Irwin Slater* for petitioner.

*Ralph Meyers* for respondent.

FROESSEL, J. By an order to show cause, dated February 5, 1944, the petitioner has instituted a special proceeding pursuant to section 47-e of the Personal Property Law for the following relief: (a) directing the respondent to file in the County Clerk's office of Kings County a true copy of a certain wage assignment executed by petitioner on December 2, 1937, and (b) upon such filing, to vacate and cancel it of record.

The grounds for such relief, as stated in the petition, are as follows: (1) No duly authenticated copy of said wage assignment, together with an itemized statement as required by section 47 of the Personal Property Law, has been filed by the respondent in Kings County, in which county petitioner resides, nor in New York County where petitioner is employed, nor has any such copy been filed in any county clerk's office in the State of New York. (2) The respondent did not, prior to the

filing of the wage assignment with petitioner's employer, mail a written notice to the petitioner as required by subdivision 2 of section 46 of the Personal Property Law. (3) The inclusion in the assignment of what is claimed to be a power of attorney renders it void under sections 353 and 358 of the Banking Law.

Respondent urges, in addition to his contention that the assignment is in all respects valid, that this court has no jurisdiction in this proceeding because section 47-e of the Personal Property Law is inapplicable, inasmuch as the instant assignment was not filed anywhere in Kings County, and was only filed with the petitioner's employer, whose office is in New York County; that since the jurisdiction of this court in a proceeding of this nature is purely statutory, and the jurisdictional requirements of the statute have not been met, this court has no jurisdiction to determine the merits of the application.

An examination of said section 47-e discloses that an assignment of this character '' may be vacated and cancelled by an order of a court of record upon application by the assignor, his employer or any person having an interest therein. Before such order shall be granted a notice shall be served upon the assignee '' in a certain manner, which notice shall specify the grounds upon which the relief is sought and '' shall require the assignee to show cause at a special term of a court of record *in a county in which the assignment or order or a copy thereof is filed,* at a time and place specified therein, why the assignment or order should not be vacated or cancelled *of record.''* (Emphasis supplied.)

It is thus clear from the language of this statute that the assignment must be filed, i.e., '' *of record* '', at the time that the proceeding is instituted by the service of a notice upon the assignee '' to show cause * * * in a county in which the assignment * * * is filed.'' Since at the commencement of this proceeding the assignment was not filed in Kings County, this court has no jurisdiction to vacate it, and the subsequent filing by the petitioner for the ostensible purpose of conferring jurisdiction following the institution of this proceeding and after the argument and final submission of this application, cannot confer jurisdiction theretofore lacking. While this court is a court of record with general jurisdiction, it is not in this case '' a court of record in a county in which the assignment * * * is filed '' within the meaning of section 47-e of the Personal Property Law. Inasmuch as the facts contemplated by section 47-e of the Personal Property Law are not present

here, this court is not authorized to act summarily as the Legislature has directed it may do upon a proper showing under said section. (See *Matter of Sauberman [Goldberg, Inc.]*, 267 App. Div. 192, 193.) Nor can it pass upon the other questions raised, for that which a court seeks to determine when it is without jurisdiction is void. (*MacAffer v. Boston & Maine Railroad*, 268 N. Y. 400.)

Without therefore passing upon the merits of the application or upon whether petitioner's filing of the assignment on February 23, 1944, is sufficient to give the court jurisdiction in a new proceeding, I am constrained to deny the present application without prejudice. Submit order.