Morris Eder, J.
Upon the foregoing papers this application to vacate a wage assignment is denied, without prejudice. Petitioner alleges that the assignment executed in 1946 has at no time been filed in the County Clerk’s office but that a copy thereof was served in January, 1956, upon his employer. Respondent submits only a memorandum in opposition, contending that, whatever petitioner’s rights in a plenary action, no relief is available on these facts in this proceeding. That, unfortunately, appears to be the only conclusion deducible from the statute (Personal Property Law, § 47). Section 47-e, entitled “ Vacating of an assignment by order of court”, provides that the proceeding be instituted by service of a notice to show cause “ at a special term of a court of record in a county in which the assignment or a copy thereof is filed ”, Where none has been filed, no court can, in accordance with *953 the statute, have jurisdiction of this summary remedy (Matter of Tyd v. Local Loan Co., 183 Misc. 139). Section 47 (formerly 47-h) does provide that the assignment or a copy thereof must be filed with the County Clerk before it may be filed with the assignor’s employer. But no specific remedy is provided for the failure to observe this requirement, and by its very terms the special proceeding of 47-e may not be then invoked. However, it is quite clear that, if such be the facts, the service upon the employer is without any legal effect and may be disregarded without fear of consequences. If assignor, however, desires a determination canceling the assignment on any of the grounds asserted, the remedy is by action in equity.