John P. Donohoe, J,
The plaintiff’s motion for a preliminary injunction pursuant to CPLB 6301 and 6311, enjoining the defendants and their respective agents, servants, employees and partners, pending the determination of the above-entitled action, from in any manner, either directly or indirectly: (a) making or printing, or causing to be made or printed, any signs, handbills or displays bearing the Carvel name, service marks Or trade-marks or any simulation, copy or colorable imitation thereof; (b) selling or otherwise distributing any signs, handbills or displays bearing the Carvel name, trade-marks, and service marks, or any copy, simulation or colorable imitation thereof; (c) using or displaying, or causing* the use or display of the Carvel name, service marks, or trade-marks or any copy, counterfeit, or simulation thereof; (d) reproducing or exploiting the Carvel names, service marks or trade-marks in any way whatsoever, is denied.
Defendants’ motion for an order dismissing the complaint on the ground that the relief sought therein is ilbt within the jurisdiction. of the court and in the alternative, to dismiss the complaint on the ground that same fails to set forth facts sufficient to constitute a cause of action, and in the further alternative that the complaint be dismissed in the entirety for failure to include therein all necessary parties, and in the further alternative that the plaintiff be directed to separately state and number the causes of action alleged in the complaint, is granted Upon the ground that the same fails to set forth facts sufficient to constitute a cause of action.
*1075 The defendant Bartomeo is the owner of three “Carvel” stores which he operates under a written contract with the plaintiff. The contract contains provisions which set forth Bartomeo’s right to use the Carvel name and products hut the contract is not described in the complaint nor made the basis of any of the causes of action. Bartomeo has been a member of the board of governors of the plaintiff corporation, a position which he lost in November, 1964, as the result of the conflict in issue in this case.
The plaintiff is engaged in the business of manufacturing and selling to distributors under franchise, various types of soft ice cream. During the first half of 1964, the plaintiff introduced a new product called the “ Carvel Make-at-Home Thick Shake ”. The plaintiff advertised it heavily among its franchised dealers, but to little avail. The dealers simply declined to buy it in quantities satisfactory to Carvel Farms Corporation. After some months of these frustrations, which are described in detail by George P. Clark, president of the plaintiff, the Carvel Farms Corporation set about marketing its Make-at-Home product through Bohack Super Markets. This step was taken despite a passage in the Carvel Standard Operation Procedure Manual Number 704, Section D, page 4, which says “In line with the merchandising, it might be well to note that your Carvel franchise entitled you not only to the use of the Carvel name, but makes available to you Carvel Special Formula mix, recipes, toppings and supplies. Remember, no other store has Carvel products. We cannot emphasize too strongly the importance of using Carvel ’ The manual referred to is distributed to all the franchise dealers.
The defendant Bartomeo and other dealers met, after the developments mentioned, and agreed to use advertising signs, printed by the defendant, Lee Sign Company, in the colors and style used by Carvel, to advertise the Make-at-Home product for sale in their own establishments at a price of 45 cents, 30 cents less than the Bohack price. The plaintiff thereupon commenced this action to enjoin the making or use of such advertising material.
The complaint sets forth four causes of action. In substance, it is claimed that the plaintiff is a New York corporation which franchises persons to operate Carvel stores under the Carvel name and the Carvel trade-marks, and that in November, 1964 the defendants without the knowledge and consent of the Carvel trade-mark owner, wrongfully made and sold or distributed, signs and handbills to franchisees bearing the Carvel name and trade-marks.
*1076 The pivotal question arises from the allegations of paragraphs 6 and 7 of the complaint, which are set forth in their entirety here:
“ 6. Plaintiff is obligated to the owner of the Carvel name and trademarks to protect and preserve the value and exclusivity of the same, including prohibiting the wrongful or unauthorized use or exploitation thereof by third parties or by plaintiff’s own franchisees.
“7. Pursuant to said obligation, plaintiff has and continues to specify and control all signs, displays and representations of the Carvel name and trademarks as the same appear in, or about the Carvel Stores operated by its franchisees.”
Paragraphs 6 and 7 are realleged in each of the four causes of action and thus become determinants of the legal sufficiency of the entire complaint.
The first cause of action then goes on to allege, as its main thrust, the wrongful making, sale or distribution of signs and handbills to plaintiff’s franchisees, bearing the Carvel name and trade-marks. The second alleges, in addition, that the trademarks arc registered in the State of New York as trade-marks and service marks and that the defendants made and distributed colorable imitations without consent, to deceive the public. The third alleges the same facts and, in addition, that there exists a likelihood of dilution of the distinctive quality of the Carvel name and trade-marks. The fourth realleges the same facts, substantially, and further alleges that the plaintiff is obligated to its franchisees to protect the value and exclusivity of the Carvel name. The complaint seeks money damages and injunctive relief.
It is alleged and not contradicted on this motion that the defendant, Bar torneo, has the right under a contract with the plaintiff to use the trade name and trade-marks of Carvel and that he may obtain advertising material from any source he chooses. It is also established, that the advertising material used conforms in style and color to that generally used by Carvel, The only question of substance apparently is the price at which the defendant is now offering the product.
The defendants have shown, without contradiction, that the legal owner of the trade name “ Carvel ” and of certain trademarks is not the plaintiff, but one Thomas Carvel. A search of the records of the United States Patent Office, offered by defendants upon this motion, showed that none of the trade names or trade-marks registered in the name of Thomas Carvel had been assigned of record. The right of the plaintiff, if any, to use these trade names and trade-marks is thus a mystery, and *1077 the mystery has not been cleared by the allegations of the complaint under attack. If the plaintiff does have any such rights, the knowledge thereof remains in its possession.
The statute governing practice in this State no longer requires that an action must be prosecuted by the real party in interest. Section 210 of the Civil Practice Act was supplanted in part by CPLB 1004 and in the transition, that provision was omitted. The requirement was not thereby stricken from the law however. It was deleted from the statute because the legal concept of the real party in interest has long since become a part of the substantive law. Its inclusion in a single sentence in the practice statute would be on the one hand redundant and on the other misleading. The failure to allege facts showing that the plaintiff is the real party in interest still renders the complaint fatally defective.
Federal and New York State statute create rights in the “ owners ” of trade-marks to maintain actions for infringement. (U. S. Code, tit. 15, § 1114; General Business Law, § 368-c.) The plaintiff has offered considerable authority for the proposition that an “ owner ”, who, under the statute, is the only person entitled to sue, may be defined in a number of different ways. (Scandinavia Belting Co. v. Asbestos & Rubber Works, 257 F. 937; Newman v. Alvord, 51 N. Y. 189; Kayser & Co. v. Italian Silk Underwear Co., 160 App. Div. 607; Varsity Sportswear v. Princess Fabrics Co., 174 Misc. 298 and others.) The trend of decision is away from adherence to strict concept of legal ownership and toward “ the versatility of the word to suit the circumstances in which it is used”. (Scandinavia Belting Co. v. Asbestos & Rubber Works, supra, p. 954.)
In this case, the rule of liberality is applied to the pleading. But by its words “ plaintiff is obligated to the owner of the Carvel name and trade-marks to protect and preserve the value and exclusivity of the same ”; and “ pursuant to said obligation, plaintiff has and continues to specify and control all signs, displays and representations ”, plaintiff has first, negated legal ownership in itself, second indicated by failure to be specific, an intent not to divulge the real nature of its interest and third, alleged no right, but only an obligation. Such allegations in nowise equate with any concept of “ownership”. In short, the complaint is fatally defective because it fails to allege any interest in the plaintiff sufficient to maintain the action. (See Advisory Committee notes to CPLR 1004; MacAffer v. Boston & Maine R. R., 268 N. Y. 400, 405; Wells v. Merrill, 204 App. Div. 696; 2 Carmody-Wait, New York Practice, ch. 19, § 27.)
*1078 Furthermore, the complaint does not allege that defendant does not sell its products to the purchasing public in the proper form or that the defendant is selling an adulterated product and thereby damaging plaintiff’s name, trade-marks or reputation. Nor does the complaint allege that defendant is offering its products as those of the plaintiff, or in any other manner passing off its products or those of the plaintiff when, they are not, so as to deceive the purchasing public.
Plaintiff alleges defendant, a dealer franchised by the plaintiff, has infringed plaintiff’s trade name and trade-mark merely by advertising the fact that it sells plaintiff’s products. Such an allegation is nonsense.
The allegations of the complaint do not constitute causes of action. They lack the element of palming off spurious articles and products under false colors, with intention to conceal their real nature, which is essential to the allegation of any cause of action for infringement. (Colman v. Crump, 70 N. Y. 573; French Republic v. Saratoga Vichy Co., 191 U. S. 427; Howe Scale Co. v. Wyckoff, Seamans etc., 198 U. S. 118.)