Harry Edelstein, J.
All proceedings herein were taken in the name of Little Shoppe Around the Corner, plaintiff, and Robert Carl and “Sharon” Carl, defendants. This purported action was supposedly commenced on April 14, 1973, by service of a summons personally on Mrs. Carl, and by delivery to Mrs. Carl of the summons of Mr. Carl. It does not appear from the process server’s affidavit that the required mailing to Mr. Carl (CPLR 308, subd. 2) was made subsequent to the delivery to Mrs. Carl. The complaint is dated May 22, 1973, and the judgment roll was entered on July 24,1973.
A subpoena duces tecum was allegedly served by substituted service on April .20, 1974, but only on Mr. Carl. Upon failure of Mr. Carl to appear, a default was entered by the court clerk on May 10, 1974. An order to 'show cause dated September 27, 1974, to punish Mr. Carl for contempt was, according to the would-be plaintiff’s attorney, not served in time. There comes before this court, not heretofore involved in these proceedings, a second order to show cause to punish Mr. Carl for contempt.
‘ ‘ Prom its very nature, the rule that a judgment on the merits is binding on the parties to the litigation assumes the existence of such parties.” (MacAffer v. Boston & Maine R. R., 268 N. Y. 400, 403 [Lehman, J.].) There must be existence in law as well as existence in fact, since a party to an action other than a governmental unit must be a natural person or a corporation (Royal Norwegian Navy v. Smith Steel Co., 185 Misc. 880), except as provided specifically by law for partnerships (CPLR 1025; Partnership Law, § 115-a) and for unincorporated associations (CPLR 1025; General Associations Law, §§ 12, 13). It is existence in law which creates for entities the legal capacity to sue.
Existence in law must be alleged. As to corporations, the name (Business Corporation Law, § 301, subd. [a], par. [1])' of the entity makes cle'ar in the caption that it is a corporation, and the complaint specifies both the fact and the jurisdiction of incorporation. (CPLR 3015, subd. [b].) It is the recommended practice (McKinney’s Forms, CPLR, § 3:222 and *719 § 3:223; 2 Bender’s Forms for the Civil Practice 1025:1) that a partnership or general association likewise be denominated clearly in the caption. While there is no statute to that effect, it is cle'ar that a complaint must allege that the plaintiff is the real party in interest (CPLR 1004; Carvel Farms Corp. v. Bartomeo, 50 Misc 2d 1073, 1077), or the complaint is fatally defective (Carvel Farms, supra). How does the complaint allege that the plaintiff is a real party in interest without a prior allegation that the plaintiff has legal capacity to sue? An allegation in the caption to this effect would be good practice, and most helpful to courts and to parties generally.
In the case at bar, not only is there no indication in the caption that plaintiff is a legal entity, there is no allegation whatever, in any paper in the court file (which was examined by the court) that the would-be plaintiff is a legal entity. While the CPLB spurns procedural traps, liberality does not mean that the CPLB has neither imperative nor condition precedent, or that the mistakes, omissions, defects, arid irregularities taken lightly by CPLB 2001 excuse papers so carelessly drawn as to make it impossible for the court or for the adverse party to determine whether plaintiff is a partnership, or is doing business under an assumed name, or is a general association.
In the instant action, the name of the would-be plaintiff is not that of a partnership or a general association, but is merely a trade name. No action may be brought by, nor may any suit be maintained against, a trade name as an entity. (Marder v. Betty’s Beauty Shoppe, 38 Misc 2d 687.) Any such proceeding is a nullity (Harder, supra). Absent a party plaintiff, “ the judgment is in such case futile, because in truth no action is then pending between the parties named. If the plaintiff in that action was not in existence, the defendants named in the summons and complaint were, in fact, not required to appear in court and answer the complaint.” (MacAffer v. Boston & Maine R. R., 268 N. Y. 400, 404, supra.)
Moreover, assuming arguendo a proper party ¡plaintiff, the delivery and mailing to Mr. Carl was not completed, and all subsequent service, dependent on the initial service, fails of validity. Further, the substituted service itself appears to have been perfunctory, with no recital of the due diligence exercised to serve the defendants pursuant to CPLB 308 (subd. 1) and CPLB 308 (subd. .2), which due diligence is prerequisite to substituted service (]CPLB 308, subd. 4). Perfunctory completion of a printed form is not a showing satisfactory to the court that due diligence was exercised. Jurisdiction by substi *720 tuted .service over the person of the defendant is obtained only by strict adherence to the statutory standard. (Lehman v. Mariano, 285 App. Div. 824.) There was no appearance by either defendant, so the defects in service were not cured. The cummulative defects in service of process denied proper and adequate notice to the defendants, and are violative of their Constitutional right of due process (TJ. S. Const., 14th Arndt., § 1; N. Y. Const., art. I, § 6). “ An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an 'opportunity to present their objections.” (Mullane v. Central Hanover Trust Co., 339 U. S. 306, 314.)
A court has inherent power, not limited by OPLR 5015, to set aside a judgment in the interest of ju'stice. (Conklin v. Jablonski, 67 Misc 2d 286, 296.) If this power exists as against a valid judgment, it must exist, and may be exercised, to prevent an injustice grounded on a nullity of a judgment. Defendants’ relief need not wait upon some future proceeding wherein the error of plaintiff is recognized, nor should defendants be burdened with an appeal after plaintiff’s supposed action runs its course. This is especially true in an instance of lack of in personam jurisdiction. It may be added on the latter point that the evil inherent in substituted service has yet to be cured by the Legislature.
Therefore, the court declines to sign the submitted order to show cause, and sua sponte, it is: ordered, that the default entered against the defendants on the 10th day of May, 1974, be vacated, and it is further ordered, that the County Clerk of Rockland County expunge the default from the records, and it is further ordered, that the complaint is dismissed, and it is further ordered, that the action is dismissed, without prejudice to its recommencement, and it is further ordered, in the interest of justice, that the attorney for the would-be plaintiff, as a condition precedent to the recommencement of the action, mail a copy of this decision and order to the intended defendants at their 1'ast known address, certified mail, return receipt requested, and that proof of such mailing be filed with the court.