OPINION OF THE COURT
Frank M. Klinger, J.
Petitioner, who claims to have dealt exclusively with the *105 respondents on behalf of the partnership, commences this action for an order of eviction and a money judgment against the respondents in the amount of $6,000.
The question presented is whether an individual denominated as "managing partner” may be a proper party plaintiff. In the caption of the case at bar "Ramji D. Patel, Managing Partner” is the named petitioner. The body of the petition alleges that "Ramji D. Patel is the managing partner of a partnership which owns premises commonly known as Thomas Motor Lodge East and the restaurant located on Route 104 East, Oswego, New York”. The petition before the court does not allege the names of any of the other partners or the name of the partnership. Petitioner’s counsel on oral argument has indicated that the names of the partners are as stated in the "partnership agreement” which was presented by counsel to this court with a prior petition by "Ramji D. Patel” petitioner, to which objection was taken by the respondent who claimed that at least one of the "partners” is now deceased and that the partnership no longer existed. We dismissed the previous petition for failure to name any partnership or the individuals constituting the partnership as the petitioner. (See this court’s decision dated Aug. 27, 1987.) The current petitioner alleges that the partnership agreement indicates that the partnership has no name.
Assuming that to be the case and assuming that we may consider the "partnership agreement” submitted upon oral argument on the previous petition by this petitioner in determination of this particular motion, there remains the fact that there is no sworn allegation before the court indicating the names of all of the partners who are alleged to currently constitute the "partnership” on behalf of which the petitioner as "managing partner” commences this action. Petitioner argues that this is a matter for proof at the trial and not a proper grounds for a motion to dismiss.
Initially we note that under New York State law there are five, and to this court’s knowledge, only five, proper parties to any given action: an individual, an individual doing business as a trade name, a corporation, an unincorporated association which brings the action by its president or treasurer (General Associations Law §§ 12, 13) and a partnership. (Little Shoppe Around Comer v Carl, 80 Misc 2d 717 [Rockland County Ct 1975].)
The necessity of naming a proper party in the caption of an *106 action is illustrated by the Little Shoppe Around Corner v Carl case (supra) in which the court stated that: "In the case at bar, not only is there no indication in the caption that the plaintiff is a legal entity, there is no allegation whatever, in any paper * * * that the would-be plaintiff is a legal entity. While the CPLR spurns procedural traps, liberality does not mean that the CPLR has neither imperative nor condition precedent, or that the mistakes, omissions, defects and irregularities taken lightly by CPLR 2001 excuse papers * * * drawn as to make it impossible for the court or for the adverse party to determine whether the plaintiff is a partnership, or is doing business under an assumed name, or is a general association.” (Supra, at 719; emphasis in original.)
In the case at bar, we can of course determine that the plaintiff is or claims to be an agent of a partnership, but there is no sworn pleading or other affidavit which indicates the names of the current partners.
CPLR 1025 states that "[t]wo or more persons conducting business as a partnership may sue or be sued in the partnership name”.
In Kirschbaum v Merchants Bank (272 App Div 336, 337 [1st Dept 1947]), the Appellate Division stated that "[a] member of a partnership seeking to recover from a third party a debt due the partnership must bring the action on behalf of and for the benefit of the partnership and may not recover upon such an obligation individually. The cause of action resides in the partnership and not in one of its members.” Similarly the Appellate Division, Fourth Department, in Stevens v St. Joseph’s Hosp. (52 AD2d 722), spoke as follows: "A partnership cause of action belongs to the partners jointly, and a member of the partnership may not recover on a partnership obligation by his individual suit (Ruzicka v Rager, 305 NY 191, 197 * * *)”.
Of course the current petition is clearly not an individual suit. But is it a valid suit by a partnership? Or is it like Little Shoppe Around Corner (supra), a purported suit by an entity, i.e., "Ramji D. Patel, Managing Partner”, which is in fact a legal nullity?
We see no reason why the rules pertaining to a general partnership are, or ought to be, any different than for a limited partnership.
In Arlen of Nanuet v State of New York (52 Misc 2d 1009, 1012 [Ct Cl 1967]) the court held that "[t]he question remain *107 ing is whether the five general partners were obliged to file this claim under the style and name of Rockland Hub Associates. CPLR 1025 allows for the bringing of an action in the partnership name, and to have done so would have been proper. However, this section is permissive in nature and does not mandate such a course. (See Ruzicka v. Rager, 305 N. Y. 191, mot. for rearg. den. 305 N. Y. 798.) Where all the general partners comprising a limited partnership are named in the caption of the claim, it may be fairly stated that an action is being brought on behalf and for the benefit of the partnership, even though it would have been more convenient if the caption of the action contained the customary phrases showing claimants’ relationship to the partnership. (Cf. Yeager v. Transvision, Inc., 277 App. Div. 986; Merrick v. New York Subways Adv. Co., 14 Misc 2d 456.)” (Emphasis supplied.)
In Ruzicka’s v Rager (277 App Div 359, 360 [1st Dept 1950]), the Appellate Division stated that:
"A partnership is a contractual relation dependent upon the personality of its members. The admission or withdrawal of a member so radically changes the contractual rights inter se as to produce essentially a new relation even though the parties contemplate no actual dissolution of the firm and continue to carry on business under the same name, under the original articles and with the same account books.
"This action should have been brought in the name of the persons who constitute the partnership prosecuting the claim, rather than the mere trade name under which they conduct their business.
"The defect is not just a misnomer which can survive the motion to dismiss. Paragraph '2’ of the complaint alleges the names of the four persons who comprised the partnership when the cause of action arose. Plaintiff, however, suggests that the suit is brought by the present partnership which according to paragraph '1’ of .the pleading is composed of the three persons named therein. There is no allegation that the present partnership succeeded to the cause of action by assignment or otherwise.” (Emphasis supplied.)
Without such a sworn allegation, the issue was not left for trial. Rather, the complaint was dismissed.
Finally, we have Koshgarian & Schreiner v Vies (112 AD2d 575, 576 [3d Dept 1985]) in which the Appellate Division held that the complaint in that case was sufficient: "The complaint alleges plaintiff’s existence as a partnership and an affidavit *108 by a partner of plaintiff establishes such. This affidavit further reveals that plaintiff is the successor to other partnerships which rendered services to defendant and that plaintiff owns the obligations and receivables of the former partnerships. On this record, it is apparent that plaintiff has legal capacity to sue and has not failed to join a necessary party.”
As the very caption of that case indicates, "Koshgarian and Schreiner” is the name of the partnership which was the party suing the case.
In the case at bar, could any of the defendants sue "Ramji D. Patel, Managing Partner”? We think not. Certainly one cannot sue an agent for liability of the principal. Could a Sheriff enforce a judgment against "Ramji D. Patel, Managing Partner”? How then can we adjudicate respondent’s defenses against "Ramji D. Patel, Managing Partner”?
The more important question is what effect such an adjudication would have in the event that one of these "partners” were to commence an action against one or more of these respondents as to a matter already adjudicated. This, of course, is no mere technicality. It goes to the heart of due process. Respondents have their right to have their claims adjudicated against this partnership once and for all without being subject to the possibility of repeated or protracted litigation by some or all of the other alleged partners. Respondents’ defense against such future claims would of course be based upon res judicata and collateral estoppel. These concepts relate to parties as denominated in the caption of the action, not to the proof.
Per Black’s Law Dictionary, the doctrine of res judicata "requires identity in thing sued for as well as identity of cause of action, of persons and parties to the action”. (Black’s Law Dictionary 1174 [5th ed 1979]; emphasis supplied.) The definition of collateral estoppel is that "[w]hen an issue of ultimate fact has been determined by a valid judgment, that issue cannot be again litigated between the same parties in future litigation.” (Id., at 237; emphasis supplied.) Also per Black’s, "[e]stoppel by judgment means that when a fact has been * * * decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter”. (Id., at 495; emphasis supplied.) In other words, if we were to permit this action to proceed, any of the persons of this alleged partnership, all of whom constitute a real party-in-interest, would not be precluded from *109 relitigating the issue as many times as there are such partners!
That is why the law requires the "real party in interest” be named. The "real party in interest rule” is one of substantive law intended to protect one being sued from having to defend against the same claim a second time because someone other than the petitioner or plaintiff was the owner of the claim and therefore the only person entitled to sue. (Matter of Scott v Board of Educ., 61 Misc 2d 333.) One test to be used in applying the rule is that the action must be maintained by the real party-in-interest. The question is whether payment to plaintiff will protect the defendant from claims of third parties. (Purfield v Kathrane, 73 Misc 2d 194; see also, Matter of Chauvaux v Chauvaux, 82 Misc 2d 518.)
We hold here today that in order to maintain a respondent’s right to due process, petitioning partners suing in a court of law must do so in their full, true and proper names and that such names must be contained within the caption of the petition or complaint and/or other appropriate documents. Failure to do so cannot be cured by reference to the plaintiff’s true and complete identity within the body of the petition, and certainly not as here, on oral argument by submission by counsel of a "partnership agreement”. I will add that this court has found nothing in its research which would in any way preclude petitioner from having the petition acknowledged and sworn to solely by its "managing partner”, so long as the full, complete and true name of either the partnership or all of its currently existing partners be stated in the caption of the action.
The foregoing being our decision on one of respondents’ objections to this petition, we need not consider the balance of respondents’ grounds to dismiss. We will, however, note that this dismissal and our previous dismissal were not upon the merits and are of course without prejudice to recommencement of this or any similar action so long as the proper parties are properly named in the caption of any such further pleadings. We certainly do not see any reason why the petitioner is precluded from maintaining an action against the respondent individually and/or doing business as Marie’s City Lights inasmuch as he alleges that the current agreement was with Mr. MacArthur individually and not with the corporation that was allegedly a party to the previous lease. Nor is the petitioner required to make his election in advance. He may, as he has, sue all of the respondents in the alternative *110 and I believe that the current petition can certainly be properly construed as such.
However, inasmuch as we have no proper party plaintiff now before us and no motion to amend has been made, and without prejudice to recommencement of any future proceeding by a proper party plaintiff, the instant petition must be and therefore is hereby dismissed.