[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I.
Introduction
The plaintiff, American Rental Centers, has filed a two count complaint against the defendant, ITT Hartford Insurance Group, alleging that the defendant breached its insurance agreement with the plaintiff. The plaintiff claims that on February 28, 1991, one of the motor vehicles it leased was damaged and the defendant refused to honor its insurance obligations and make payment for the repairs. Count one alleges damages due to the defendant's failure to pay, and count two alleges a violation of the Connecticut unfair Trade Practices Act, General Statutes 42-110b et seq.
The defendant has filed the instant motion to dismiss this action for lack of subject matter jurisdiction and insufficiency of process.
 II.
Discussion
"A motion to dismiss is the appropriate vehicle for CT Page 2710 challenging jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). The grounds which may be asserted in the motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Id. When a question of jurisdiction is brought to the court's attention, that issue must be resolved before the court can proceed further. See, Baldwin Piano Organ Co. v. Blake, 186 Conn. 295,297-98 (1982).
The defendant maintains that the plaintiff American Rental Centers is not adequately described as an entity that has the capacity to sue or be sued since is is unknown whether American Rental Centers is a trade name or a corporation. The plaintiff counters that it is a Massachusetts corporation, Rental Centers of Ct. d/b/a American Rental Centers and that on October 14, 1988, pursuant to General Statutes 35-1, it filed a Trade Name Certificate with the Town Clerk of Waterbury, Connecticut, where it does business. It introduced a certified certificate at the hearing. The plaintiff therefore argues that it has adequately described an entity that has the capacity to sue or be sued.
"It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." (Internal citations omitted.) Isaac v. Mount Sinai Hospital, 3 Conn. App. 598,600, cert. denied, 196 Conn. 807, (1985). "[I]t has been held that an action may not be maintained with a mere trade name or business interest possessing no legal personality as plaintiff." See, ITT Semiconductors v. Matheson Gas Products, et al., 5 CTLR 80 (October 2, 1991, Maiocco, J.). In Little Shoppe Around the Corner v. Carl, 363 N.Y.S.2d 784, 787
(1975), the court stated that "[i]n the instant action, the name of the would-be plaintiff is not that of a partnership or a general association, but is merely a trade name. No action may be brought by, nor may any suit be maintained against, a trade name as an entity. . . . Any such proceeding is a nullity." See also Provosty v. Lydia E. Hall Hospital, 457 N.Y.S.2d 106, 108 (1982).
Filing the trade name certificate in compliance with General Statutes 35-1 is one thing, maintaining an action in CT Page 2711 the entity's proper name is something entirely different.
This court agrees with the defendant and, therefore, the motion to dismiss is granted.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT