On June 9, 1995, the plaintiff, Pat Gilbertie Plumbing 
Heating, filed a four count complaint in foreclosure of a mechanic's lien, breach of contract, unjust enrichment and quantum meruit against the defendants, Browning and Carolyn Holcombe, Scott DeMuth, Everett Bruce Robinson, Robinson Electric, Inc. and Prudential Home Mortgage Co. (Prudential). On July 10, 1995, the Holcombes and Prudential filed a motion to dismiss the action on the ground of lack of subject matter jurisdiction. The defendants also filed memoranda of law in support of the motion. The plaintiff filed an amended complaint on July 26, 1995. On July 31, 1995, the defendants filed an objection to the amended complaint which was sustained by this court on October 23, 1995. The plaintiff filed a memorandum of law in opposition. on August 10, 1995. CT Page 14435
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v.Department of Human Resources, 225 Conn. 13, 29, 621 A.2d 719
(1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski, 189 Conn. 101, 105-06, 454 A.2d 275
(1983).
"[I]n the absence of standing the court lacks subject matter jurisdiction to determine the merits of the case." Sadloski v.Manchester, 228 Conn. 79, 83, 634 A.2d 888 (1993). "It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." Presidential Capital Corp. v. Reale, 231 Conn. 500,504, 652 A.2d 489 (1994).
The defendants argue that the court is without subject matter jurisdiction because the plaintiff, Pat Gilbertie Plumbing 
Heating, is not a registered trade name or a corporation, and therefore is legally non-existent and without capacity to sue. The plaintiff claims that this is insignificant in that Pat Gilbertie is conducting business in his own name, and therefore, seeks to amend the summons and complaint.
"It is elemental that in order to confer jurisdiction on the court, the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." (Internal quotation marks omitted.) Isaac v.Mount Sinai Hospital, 3 Conn. App. 598, 600, 490 A.2d 1024 (1985). CT Page 14436 The court in Solar Sheet Metal Pomazi Roofing v. Caprio, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318253 (November 28, 1994, Levin, J.), stated that "[d]oing business under another name does not create an entity distinct from the person operating the business." (Internal quotation marks omitted.) The court held, therefore, that an action brought under a trade name or "dba" is subject to dismissal because such an entity has no independent legal existence. Id. In American RentalCenters v. ITT Hartford Insurance Group, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 453271 (March 17, 1993, Berger, J., 8 CSCR 412), the court determined that "[n]o action may be brought by, nor any suit be maintained against, a trade name as an entity . . . . Any such proceeding is a nullity." The plaintiff relies on ITT Semiconductors v. MathesonGas Products, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 029553 (October 2, 1991, Maiocco, J.,6 CSCR 947) in which the court allowed the plaintiff to amend the pleadings and substitute the proper plaintiff. However, in ITT the proper plaintiff had been named in the original caption, as well as in the body of the complaint, therefore, the court determined that the original named plaintiff was merely a misdescription and allowed the amendment under Practice Book § 101.
In the present case the plaintiff is denominated "Pat Gilbertie Plumbing Heating." The plaintiff does not dispute that this entity is not registered as a trade name or as a corporation. The plaintiff argues that it is transacting business under its "real name." Therefore, the court must presume that the proper plaintiff is "doing business as" Pat Gilbertie Plumbing Heating. Pat Gilbertie Plumbing Heating does not have an independent legal existence, and thus does not have standing to initiate an action in this court. Accordingly, the defendants' motion to dismiss is granted.
HICKEY, J.