[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This case arises out of a fall at a car wash establishment. The summons and the complaint indicate "Family Self-Service Car Wash" as the "defendant." The summons next to this name has "a/s Lawrence Shackett." The court takes "a/s" to mean agent for service. The sheriff's return does say that he left a copy of the writ, summons and complaint "in the hands of the within named" defendant, Lawrence Shackett, but Mr. Shackett is not referenced in the complaint and it appears clear that the defendant is and was intended to be "Family Self-Service Car Wash."
The defendant has now filed a motion to dismiss claiming "the plaintiff has sued an entity which does not have a legal existence" and the failure to name such an entity deprives the court of subject matter jurisdiction pursuant to § 52-45a entitled: "Commencement of Civil Actions." That CT Page 5643 statute says that "Civil actions shall be commenced by legal process consisting of a Writ of Summons or an attachment, describing the parties, the Court to which it is returnable, the return day and the date and place for the filing of an appearance."
The defendant has attached an affidavit to its motion signed by Mr. Shackett. He states that the car wash facility is owned by himself and his wife. "Family Self-Service Car Wash" is not a corporation or legal entity and has no legal existence. The defendant refers to the case ofIsaac v. Mt. Sinai Hospital, 3 Conn. App. 598, 600 (1985). There, a purported plaintiff brought an action as an administratrix before she had been issued letters of administration. The defendant filed a motion to dismiss for lack of subject matter jurisdiction. The court upheld the trial court's granting of the motion saying: "It is elemental that in order to confer jurisdiction on the court, the plaintiff must have an actual legal existence, that is, he or it must be a person in law or a legal entity with a legal capacity to sue," cf. Little Shop Around theCorner v. Carl, 363 N.Y.S.2d 784 (1975), where the court said: "In the instant action, the name of the would-be plaintiff is not that of a partnership or a general association, but is merely a trade name. No action may be brought by. nor may any suit be maintained against, a trade name as an entity," id. p. 787, cf. decision by Judge Berger in AmericanRental v. ITT Hartford Ins., 8 CSCR 412 (1993).
Where the defendant has no legal existence, the action is also nullity and cannot confer jurisdiction on a court, cf. Provosty v. Lydia HallHospital, 457 N.Y.S.2d 106 (1982), where the court dismissed the action against the "hospital" and said . . . "a trade name, as such, has no separate jural existence, and . . . it can neither sue nor be sued independently of its owner, who in this case was concededly never served," id. p. 108.[1]
In a way, the situation presented here is analogous to a suit against a dead person. In deciding the applicability of § 52-592, Judge Blue said: "By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent," Noble v. Corkin,45 Conn. Sup. 330, 333 (1998). Two cases with relevant things to say are cited in that opinion. In Volkman v. State Farm, 432 N.E.2d 1149 (Ill., 1982), the court said: "A dead person is a non-existent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court," id. p. 1151. Also, see Bateman v.Wood, 9 N.E.2d 375, 377 (Mass., 1937), where the court says since the action was against a person who was dead, no such person existed and "the CT Page 5644 actions were in truth against nobody."
How is a suit brought against a non-existent entity any different? In such a situation, a court lacks subject matter jurisdiction in an elemental sense.
Section 52-45a is also cited by the defendant. That statute says in relevant part: "Civil actions shall be commenced by legal process consisting of a Writ of Summons or attachment describing the parties. . . ."
The reference to the statute is a make weight argument in the sense that if an entity has no legal existence how can it be described as a party so how can a civil action be considered anything else but a nullity?
The defendant cites a portion of Hillman v. Greenwich, 217 Conn. 520,526 (1991), which cites § 52-45a and discusses how compliance with it is essential to the court's jurisdiction. Interestingly, however, the case leads into the plaintiff's argument against this motion. The full, relevant quote from the case at p. 526 reads as follows:
 "We find the trial court's distinction unpersuasive. Contrary to the trial court's finding, a writ of summons is a statutory prerequisite to the commencement of a civil action. General Statutes § 52-45a. A writ of summons is analogous to a citation in an administrative appeal; Sheehan v. Zoning Commission, 173 Conn. 408, 412, 378 A.2d 519
(1977); State v. One 1981 BMW Automobile, supra, 544; it is an essential element to the validity of the jurisdiction of the court. Village Creek Homeowners Assn. v. Public Utilities Commission, supra; State v. One 1981 BMW Auomobile, supra. Although the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book; see McQuillan v. Department of Liquor Control, 216 Conn. 667, 671-73, 583 A.2d 633 (1990); the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons. Because the plaintiff in this case failed to comply in any fashion with these basic requirements, we conclude that the trial court should have granted the defendant's motion to dismiss the complaint filed September 15, 1986, for lack of personal jurisdiction over the defendant." (Emphasis CT Page 5645 added by this court.)
In Hillman, the complaint did not include a writ of summons, the complaint lacked any direction to the proper officer for service or a command to summon the defendant to appear in court.
The problem with using a case like Hillman in analyzing a case like this one is that it underlines the fact that not every violation of § 52-45a presents, ipso facto, a situation where the court has no subject matter jurisdiction. Thus, the plaintiff can make the argument, as he does here, that the motion to dismiss is not properly before the court since under Practice Book § 10-30, a defendant wishing to contest the court's jurisdiction "must do so by filing a motion to dismiss within thirty days of the filing of the appearance." Here, the motion to dismiss was not filed within thirty days and the plaintiff relies on a case like Pitchell v. City of Hartford, 247 Conn. 422, 432
(1999), which in denying a motion to dismiss under § 10-30 because it was not filed within thirty days, said: "The plain language of the rules of practice regarding appearances and the right to challenge the court's jurisdiction over the person is unambiguous, thus, its clear meaning must be followed."
In Pitchell, the defendant who had the claim of lack of personaljurisdiction resided in Connecticut at the time service was attempted on him in Arizona and the claim was that the process was insufficient.
The point is not whether § 52-45a was complied with as such, the question really is whether the jurisdictional question goes to subject matter or personal jurisdiction. If the motion goes to subject matter jurisdiction, § 10-33 of the Practice Book applies and the thirty day limitation on filing a motion to dismiss does not apply because lack of subject matter jurisdiction cannot be waived and can be raised at any time. Figueroa v. CS Ball Bearings, 237 Conn. 1, 4 (1995).
Here, there appears to be a lack of subject matter jurisdiction for the reasons previously stated — the action against a non-existent party is a nullity.
Or to address the problem perhaps in a less convoluted way than the just concluded discussion — what if the plaintiff's position were to prevail and the motion to dismiss cannot be heard because it was not filed within thirty days? What do we have then? We still have a suit against a non-existent entity — such an entity cannot file motions, disclose experts, make a claim for the jury list, be required to honor a judgment, etc. So how can a court have jurisdiction over a case involving such an entity? It is true that every inference should be CT Page 5646 indulged in favor of jurisdiction, Grant v. Bassman, 221 Conn. 465, 470
(1992), but that notion can be carried only so far. Basically, "subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tollyv. Dept. of Human Resources, 225 Conn. 13, 29 (1993). (Emphasis added by this court.) How can a court "determine" a case and decide on a particular resolution against a non-existing entity? Why wouldn't any judgment against such an entity be void? In an odd sense, a case like the one now before the court is analytically anterior to the definition of subject matter jurisdiction in Tolly — here, there is not even a case because that word assumes a claim is made against a legally recognized person or entity.
The motion to dismiss is granted.
Corradino, J.