FRANK B. WELLS, Appellant, *v.* JAMES A. MERRILL, Respondent.

Third Department, March 7, 1923.

Principal and agent — action to recover commission for sale of real estate — action based on contract signed in name of " Perry Farm Agency, F. B. Wells, Agent " — contract was not assigned to plaintiff — plaintiff is not real party in interest or trustee of express trust under Code of Civil Procedure, § 449 (now Civ. Prac. Act, § 210) — complaint does not state facts sufficient to constitute cause of action — no defect of parties under Code of Civil Procedure, § 488, subd. 6 (now Civ. Prac. Act, § 278), and failure to plead did not waive defect in complaint.

The plaintiff, suing in his own name, cannot recover commissions for the sale of real estate in an action on a written contract signed in the name of " Perry Farm Agency, F. B. Wells, Agent," since he is not the real party in interest nor is he a trustee of an express trust within the meaning of section 449 of the Code of Civil Procedure (now Civ. Prac. Act, § 210).

Since the plaintiff is not the real party in interest nor such a trustee of an express
  trust he fails to state facts sufficient to constitute a cause of action in the
  absence of an allegation that the contract was assigned to him.
The defect in the complaint is not a defect of parties referred to in subdivision
  6 of section 488 of the Code of Civil Procedure (now Civ. Prac. Act, § 278),
  and the defendant did not waive his rights by failure to plead the defect in his
  answer.

APPEAL by the plaintiff, Frank B. Wells, from a judgment
of the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of Delaware on the 11th day of
June, 1921, upon the report of an official referee dismissing the
complaint.

*Herbert C. Kibbe,* for the appellant.

*Homer D. Owens,* for the respondent.

HINMAN, J.:

This action was brought to recover commissions alleged to have
been earned by the plaintiff in effecting a sale for the defendant
of certain real estate described in a certain real estate brokerage
contract. The action is based upon this written agreement to
recover an alleged balance of commissions due under the terms of
that contract. It appears upon its face to have been entered into
by the defendant and the " Perry Farm Agency " of Canajoharie,
N. Y., an agency apparently run by a man named Perry. The
signature on the part of this agency was as follows: " Accepted:
Perry Farm Agency, F. B. Wells, Agent, Date accepted by Com-
pany's Agent: May 11, 1918."

The plaintiff, F. B. Wells, suing in his own name, claims the
right to recover under this agreement and under no other. The
name of the plaintiff does not appear in the body of the agreement
and there is nothing upon the face of it to indicate that he was a
party to it, or that it was made for his benefit, or that he had a
personal interest in it. In his complaint the plaintiff alleges that
" the said agreement was made by the plaintiff in his own interest
and though he signed the same as ' agent ' no one besides the
plaintiff was interested therein." By his pleading and his proofs
the plaintiff thus sought to contradict and vary the terms of the
very instrument under which he sued and without even joining
his principal, the Perry Farm Agency, as a party to the suit.
No evidence was given showing or tending to show that the Perry
Farm Agency or an agent acting for it or in its behalf procured
a purchaser or that the property was sold to a party procured
through its efforts or the efforts of its agents. The testimony of
the plaintiff was to the effect that the sale was effected entirely
independent of the Perry Farm Agency; that the plaintiff did not

procure a purchaser as the agent of the company, or in its behalf; but that he acted solely for himself. The plaintiff's attorney then requested the referee to find, which he did, that "the plaintiff procured the said Chamberlain to purchase the said property and the Perry Farm Agency did nothing toward procuring the prospective purchaser." There was no allegation or proof that the plaintiff was subrogated to the rights of the Perry Farm Agency by assignment of its interest or otherwise.

The plaintiff contends that he is the proper party plaintiff and entitled to maintain this action as the real party in interest; that he is entitled to maintain this action as trustee of an express trust, without joining the Perry Farm Agency, and that the defendant waived any claim to defect of parties by failing to plead it. Section 449 of the Code of Civil Procedure* requires that "every action must be prosecuted in the name of the real party in interest." There is an exception in the case of a trustee of an express trust which is defined in said section as follows: "A person, with whom or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section." The plaintiff is not the real party in interest to enforce this contract nor is he a trustee of an express trust within the said definition of section 449 of the Code. If the situation had been reversed and if the Perry Farm Agency had brought the action to recover under this contract upon the theory that it had been made for the benefit of this plaintiff, the Perry Farm Agency could have been considered a trustee of an express trust within the meaning of that section. Since the plaintiff is not the real party in interest, nor such a trustee of an express trust, he fails to state facts sufficient to constitute a cause of action. A complaint must always show title in the plaintiff of the subject-matter of the action in order to state a cause of action. (*Mosselman* v. *Caen*, 1 Hun, 647.) The defect in question runs to the sufficiency of the complaint as failing to state facts sufficient to constitute a cause of action rather than a "defect of parties" referred to in subdivision 6 of section 488 of the Code of Civil Procedure.† The latter defect cannot relate to a case where there is but one party plaintiff who is not the real party in interest, nor authorized to sue by special statute in a representative capacity. If that were so it would result in a plaintiff suing for a judgment to which he was not entitled or in an amendment to substitute an entirely new plaintiff, which cannot be done. While the nature of the litigation would not be changed by bringing in the real party in interest or the

* Now Civ. Prac. Act, § 210.— [REP.

† See Civ. Prac. Act. § 278, as amd. by Laws of 1921, chap. 372.— [REP.

trustee of an express trust but would stand upon the same allegations set forth in the complaint herein, the court has not jurisdiction of the person of such real party in interest or trustee. Such party has not come into court and the court cannot make the Perry Farm Agency a party to the action by an amendment. (*Davis* v. *Mayor, etc.*, 14 N. Y. 506, 527; *Bassett* v. *Fish*, 75 id. 303, 315; *Shaw* v. *Cock*, 78 id. 194; *New York S. M. Milk Pan Assn.* v. *Remington Agricultural Works*, 89 id. 22.)

This is not a situation similar to one where the right party plaintiff prosecuting an action is in court but under a defective name or title as party plaintiff, in which case an amendment correcting the title could be permitted. (*Spooner* v. *Delaware, L. & W. R. R. Co.*, 115 N. Y. 22; *Van Tuyl* v. *New York Real Estate Security Co.*, 153 App. Div. 409; affd., 207 N. Y. 691.)

Neither is it a case where the plaintiff had been doing business under the assumed name of Perry Farm Agency, in which case the right party would be in court but under the wrong name. (*Bank of Havana* v. *Magee*, 20 N. Y. 355; *Dean* v. *Gilbert*, 92 Hun, 427.)

Both the pleading and the proof indicate clearly a lack of identity between the Perry Farm Agency and the plaintiff Wells. The subject-matter of the controversy is the enforcement of a contract to which the plaintiff was not a party, unless the plaintiff is to be permitted to vary the terms of the written instrument by showing by parol proof that he, rather than the Perry Farm Agency, was the real party in interest. This he is precluded from doing in an action upon the instrument itself. His remedy would be to reform the instrument with all proper parties in court or to have the action brought by the Perry Farm Agency for his benefit as a trustee of an express trust under section 449 of the Code of Civil Procedure.

Since the present plaintiff cannot maintain the action in his own name there would be no party plaintiff in court having any real interest in the controversy who could demand that any other person be brought in. Not having any right, he would have no remedy and there being no one left in court as a party plaintiff who could demand any relief, the action must fail.

The judgment dismissing the complaint should be affirmed, with costs.

H. T. KELLOGG, Acting P. J., VAN KIRK and HASBROUCK, JJ., concur; KILEY, J., concurs in the result.

Judgment unanimously affirmed, with costs.