■ LINCOLN E. FIELD et al., Constituting the Board of Veterinary Medical Examiners of the State of New York, and, Also, Individually and as Members of the New York State Veterinary Medical Society, on Behalf of Themselves and All Other Members Similarly Situated, Appellants, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.— Appeals from orders of a Special Term, Supreme Court, Albany County. The plaintiffs "as the Board of Veterinary Medical Examiners" of the State of New York and also as individuals and as members of the veterinary profession, sue the State Commissioner of Education and other officers of the State Education Department. The action is for injunctive and other relief; the controversy stated in the complaint deals with differences between the plaintiffs and the defendants over the licensing of a member of the veterinary profession who has been made a defendant. Defendants moved to dismiss the complaint on the remarkably narrow ground that "plaintiffs have not legal capacity to sue" because they "are appointees of the Board of Regents, which is head of the New York State Department of Education". The Special Term granted the motion and dismissed the complaint on this single ground. The dismissal is thus not based on any corporate or formal disability of the board to sue as a board, but on the personal disability of the members arising from the source of their appointment. There is a sharp difference between an absence of a capacity to sue and absence of right to any relief. The classic definition of the distinction in New York was given by VANN, J., in Ward v. Petrie (157 N. Y. 301, 311): "Incapacity to sue is not the same as insufficiency of facts to sue on." A "lack of capacity to sue" essentially means a plaintiff is denied access to a court. Every citizen has the legal capacity to sue every other citizen excepting only when prevented by such personal disabilities as infancy or adjudicated incompetency; and the right exists without reference to the title or status of the plaintiff or of the defendant. A person having a capacity to bring a lawsuit may bring it, as Judge VANN noted, and get the defendant "into court by the service of a summons" even if he "had no cause of action". Thus we think plaintiffs could bring this lawsuit or any other lawsuit against these defendants or any other defendants whom the summons of the court could reach. The complaint, however, does not state a good cause of action against defendants either in its pleading of the controversy between the defendants and the plaintiffs as members of the board, or individually; nor, in the form in which this pleading is cast, is a cause of action stated by plaintiffs as members of the profession, in the absence of pleading clearly some general adverse effect on the whole profession of the licensing of the single member. The sufficiency of the complaint, however, cannot be tested on this narrowly limited motion. Order reversed and motion denied, with $10 costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.