of release in each of 15 cases, and denying motion by defendant in each case for judgment on the pleadings.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ JAMES R. REED, Respondent, v. CHARLES S. HOPKINS et al., Appellants.— Order unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: An objection under section 210 of the Civil Practice Act that a plaintiff is not the real party in interest must be taken by the defendant either in his answer or by a motion addressed to the pleading. (2 Carmody-Waite, New York Practice, p. 551; *Massi* v. *Alben Bldrs.*, 270 App. Div. 482, 485; *Wells* v. *Merrill*, 204 App. Div. 696, 698). Defendants have elected to follow the latter course of procedure. A proper determination of the question requires passing upon disputed factual issues and the construction and interpretation of legal documents upon which the claimed rights of the respective parties are based. In the exercise of a proper discretion, it is concluded that the objection should be reserved for the trial. If the defendants are so advised, they may move for leave to serve an amended answer alleging the objection that plaintiff is not the real party in interest. We do not reach the merits of the application. (Appeal from two orders of Ontario Special Term (1) denying motion by defendants for dismissal of the complaint and (2) granting leave to defendants to renew the motion but again denying motion to dismiss.) Present — Williams, P. J., Bastow, Halpern, McCluskey and Henry, JJ.

■ ALFRED ANDRESSI, Appellant, v. GEORGE SPADE et al., Respondents.— Judgment unanimously affirmed, without costs of this appeal to any party. (Appeal from judgment of Monroe Trial Term for defendants for no cause of action in an automobile negligence action.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRUCE COLEMAN, Appellant.— Judgment unanimously affirmed. (Appeal from judgment of Erie County Court adjudging defendant to be a youthful offender.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ VIOLET ROSCOE, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant, and NATIONWIDE MUTUAL INSURANCE COMPANY et al., Respondents.— Judgment unanimously affirmed, with costs. (Appeal from judgment of Onondaga Equity Term, adjudging that plaintiff is entitled to make claim against defendant Maryland Casualty Co. for benefits under and indorsement attached to its liability policy.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ FRANK OGNISSANTI, JR., et al., Respondents, v. SAMUEL A. CIGNA, et al. Defendants, and PHILIP RING, Appellant.— Order unanimously affirmed, with costs. (Appeal from order of Monroe Trial Term denying motions by defendant Ring for a nonsuit, for a directed verdict, and setting aside the verdict of a jury for no cause of action as to defendant Ring and granting a new trial, in an automobile negligence action.) Present — William, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ FRANK OGNISSANTI, JR., Respondent, v. SAMUEL A. CIGNA et al., Defendants, and PHILIP RING, Appellant.— Order unanimously affirmed, with costs. (Appeal from order of Monroe Trial Term denying motions by defendant Ring for a nonsuit, for a directed verdict, and setting aside the verdict of a jury for no cause of action as to defendant Ring and granting a new trial in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ FRANK OGNISSANTI, JR., et al., Appellants, v. SAMUEL A. CIGNA, Respondent, et al., Defendants.— Judgment and order unanimously reversed on