■  GEORGE BARRETT, as Administrator of the Estate of CAMILLE BARRETT Deceased, et al., Respondents, v KASCO CONSTRUCTION Co., INC., Appellant. — In an action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated August 7, 1980, which denied its motion for summary judgment. Order

reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, defendant's answer is deemed amended to assert the affirmative defense of *res judicata,* and defendant's motion for summary judgment on that ground is granted. The current action for personal injuries and related causes was instituted in November, 1979. A prior action between the same parties on the same causes of action resulted in summary judgment in defendant's favor after plaintiffs were precluded from offering evidence to support their claim due to their failure to serve a bill of particulars. Defendant failed to move pursuant to CPLR 3211 (subd [a]) to dismiss the complaint in the current action on the ground of *res judicata* (CPLR 3211, subd [a], par 5) or to plead it as a defense. The defendant's remedy was then to move pursuant to CPLR 3025 (subd [b]) for leave to amend its answer in order to insert the defense of *res judicata,* but the defendant never explicitly so moved and instead moved for summary judgment on the afore-stated ground "and for such other and further relief as to the Court may seem just and proper". In opposition, the plaintiffs failed to allege any prejudice resulting from the belated interposition of the defense in question, and an examination of the record has revealed none. Under these circumstances, and in the interest of justice, we deem the defendant's motion papers to implicitly request an amendment of its answer to include the defense of *res judicata* and, accordingly, grant that amendment (cf. *Dampskibsselskabet Torm A/S v Thomas Paper Co.,* 26 AD2d 347). Turning to the merits of the asserted defense, in our view the unappealed grant of summary judgment in the prior action was a judgment on the merits of the plaintiffs' claims, and is therefore entitled to *res judicata* effect (see *Eidelberg v Zellermayer,* 5 AD2d 658, affd 6 NY2d 815). Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.