OPINION OF THE COURT
Richard L. Price, J.
The City of New York moves, and Israel Weinstock cross-moves for an order granting reargument of a prior CPLR article 78 proceeding. For the reasons that follow, reargument is granted and the relief requested therein on the motion is also granted, to wit: The underlying petition is hereby dismissed.
Petitioner is the tenant association at 172 West 130th Street (also known as 2197 7th Ave.), New York, New York. Prior to April, 1981, the building was owned by 2197 Avenue Corp., all of whose shares were owned by one Parker Morton. In April of 1981 the city took title to the property in an in rem tax foreclosure proceeding. In June of 1981 the Secretary of State issued a proclamation dissolving the corporation for failure to pay franchise taxes. (Tax Law, § 203-a.)
In November of 1981, 2197 7th Avenue Corp. paid the back taxes on the property (plus penalties), and thereafter filed an application to redeem the property.
*206 The city approved the application, which prompted the tenants of that property to bring this article 78 proceeding challenging the city’s action. The tenants argue that the city had no power to approve the redemption of the property because the corporation had in fact been dissolved.
In October of 1983 this court granted the article 78 proceeding (in a motion by petitioner to confirm the referee’s report) and recommended the matter for further determination by the city. In so doing this court held that 2197 7th Avenue Corp. could not redeem the property because it had not been reinstated as a corporate entity.
At the time of the decision, however, this court was unaware that the corporation’s dissolution had in fact been annulled. For while the court was in possession of a document purporting to evidence such dissolution (submitted by Mr. Parker Morton) that document was undated and unverified. Upon the present motion the city presents evidence of the legitimacy of the information, and therefore reargument is granted.
Section D17-25.0 of the Administrative Code of the City of New York provides that the city’s interest in property acquired in an in rem tax foreclosure proceeding may be released upon the application of any person possessing an interest in the property. Once the appropriate order is filed in the foreclosure proceeding, all parties are restored to the status they possessed prior to the city’s having acquired title.
Subdivision 7 of section 203-a of the Tax Law provides that a dissolved corporation can file with the Department of State a certificate (from the Tax Commission) that all franchise taxes have been paid. In this manner the corporation is restored to all rights and obligations in existence on the date of the publication of the dissolution proclamation.
Under these statutes, 2197 7th Avenue Corp. is restored to whatever rights it had as of June, 1981, the time of its dissolution. Accordingly, the corporation had, and still has, the right to redeem the property by paying the back taxes. While this result is regrettable, given the apparent conscientiousness of the tenants’ association and the apparent lack thereof by the corporation (for allowing foreclosure *207 and dissolution in the first place) it is nonetheless the legally correct result. (See Vinlis Constr. Co. v Roreck, 67 Misc 2d 942, affd 43 AD2d 911, mot for lv to app dsmd in part, den in part 35 NY2d 715.)
In a somewhat unusual cross motion, Israel Weinstock opposes the reinstatement of the corporation. Apparently there is a dispute between Parker Morton and Israel Weinstock as to the ownership of the corporate stock and the respective obligations, if any, of the parties to pay the back taxes.
The parties to this dispute can litigate between themselves and there is no logical reason to involve the city in that matter. Additionally, the tenants may have legitimate disputes with their landlord, but this court cannot require the city to retain control of the building.
Accordingly, the motion for reargument is granted and upon reargument the petition is denied.