■ ERLJUR ASSOCIATES, Plaintiff, v NORMAN H. WEISSMAN et al., Defendants. (Action No. 1.) OCHO REALTY CORP. et al., Respondents, v NORMAN H. WEISSMAN et al., Appellants. (Action No. 2.)—In consolidated actions for specific performance of a contract for the sale of real property, the defendants in action No. 2 appeal from a judgment of the Supreme Court, Kings County (Krausman, J.), dated August 20, 1986, which, *inter alia,* after a nonjury trial, denied their motion to dismiss the action on the ground that the plaintiff Ocho Realty Corp. lacked the capacity to bring that action against them, and granted the relief sought.

Ordered that the judgment is affirmed, with costs.

The appellants waived any contention that the plaintiff corporation lacked the capacity to sue on the contract (because it had entered into that contract after it had been dissolved for failure to pay its franchise taxes) by their failure to assert that defense in a motion before the service of their answer or in the answer itself *(see,* CPLR 3211 [a] [3]; [e]; *see, Lorisa Capital Corp. v Gallo,* 119 AD2d 99). Moreover, the plaintiff corporation payed its franchise taxes during the pendency of the suit, and that payment reinstated its corporate powers nunc pro tunc. Thus, the posttrial motion of the appellants was properly denied by the trial court *(see, Bowditch v 57 Laight St. Corp.,* 111 Misc 2d 255; *cf., Matter of Lewis v Schwartz,* 119 AD2d 116, *revg* 125 Misc 2d 205).

Finally, the contract of sale had been partially performed, since the plaintiff corporation had given a down payment. To bar the plaintiff corporation from bringing suit to enforce the contract would needlessly cause it financial hardship and would not promote the purpose of the Tax Law, which is to provide an incentive for the voluntary payment of franchise taxes *(see,* Tax Law § 203-a; *see,* Note, *Dissolution and Suspension as Remedies for Corporate Franchise Tax Delinquency: A Comparative Analysis,* 41 NYU L Rev 602, 608; *see, Lorisa Capital Corp. v Gallo, supra).*

We further find that the appellants have not affirmatively proven each element of the attorney-client privilege which they assert should have prevented the introduction of the testimony at the trial of the attorney who represented them during the transaction in question *(see, Matter of Priest v Hennessy,* 51 NY2d 62). The testimony of the attorney apparently did not concern a confidential communication which was made for the purpose of seeking legal advice *(see,* CPLR 4503 [a]; *see, Matter of Priest v Hennessy, supra; see, Matter of Jacqueline F.,* 47 NY2d 215). Moreover, the appellants waived any privilege they may have had by testifying at the trial that they had been ready, willing and able to close on the contract in question and that they had attempted to set up a closing date through that attorney but had been unsuccessful in reaching him *(see, People v Lynch,* 23 NY2d 262). Therefore, the trial court properly denied the appellants' objections to the introduction of the attorney's testimony. The assertion of the privilege would have been an obstacle to the truth-finding process at the trial but would not have had any real value in protecting the appellants' confidential communications with their attorney *(see, Matter of Priest v Hennessy, supra,* at 68; *see, Matter of Jacqueline F., supra).*

On appeal the finding of the court of first instance should be accorded the greatest respect and should not be set aside in the absence of articulated reasons therefor *(see, Eschbach v Eschbach,* 56 NY2d 167; *Day v Day,* 112 AD2d 972). Moreover, the trial court's assessment of the relative credibility of the witnesses should not be disturbed inasmuch as it had the opportunity to hear the testimony and observe the demeanor of those witnesses first hand. In the case at bar, we can find no reason to disturb the findings of the trial court inasmuch as those findings were amply supported by the record.

Finally, we have considered the appellant's remaining contentions and find them to be without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.