■ Ann Truty et al., Respondents, v Federal Bakers Supply Corp. et al., Appellants. [629 NYS2d 898] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: This action arises out of an alleged breach of a confidentiality agreement (agreement) between Top Notch Provision Co., Inc. (Top Notch) and defendants, Federal Bakers Supply Corp. and Maple Leaf Foods, Inc. Top Notch agreed to disclose confidential information to defendants in connection with the possible acquisition of Top Notch's food and products distribution business. Defendants ultimately did not purchase Top Notch.

Plaintiffs are two heirs of the estate of the sole stockholder of Top Notch. They commenced this action seeking compensatory and punitive damages from defendants for allegedly breaching the agreement and for fraud. Defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the

grounds, *inter alia,* that plaintiffs are not the real parties-in-interest and lacked standing to bring the action, was summarily denied. That was error. Because the subject matter of the action is a contract to which the individual plaintiffs are not parties, plaintiffs have no standing to bring the action *(see, Wells v Merrill,* 204 App Div 696, 698-699). Thus, the action should have been dismissed for failure to state a cause of action *(see,* CPLR 3211 [a] [7]).

Furthermore, Supreme Court erred in permitting amendment of the complaint to include Elmwood Warehousing Co., Inc., formerly known as Top Notch, as a party plaintiff to the action. The original action was not brought by parties with standing to sue for breach of contract. When plaintiffs sought to serve an amended complaint in April 1994, the Statute of Limitations had run and there was no valid pre-existing action to which the amended complaint could " 'relate back' " *(Goldberg v Camp Mikan-Recro,* 42 NY2d 1029, 1030; *see,* CPLR 203 [f]). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Dismiss Complaint.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.