■ James Harte, Plaintiff, and 127 Dikeman Street Realty Co., Inc., et al., Appellants, v Richmond County Savings Bank, Respondent, et al., Defendants. [638 NYS2d 684] —In an action for a judgment declaring certain mortgages null and void, the corporate plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated May 20, 1994, as denied their motion for partial summary judgment and granted the branch of the cross motion of the defendant Richmond County Savings Bank which was to dismiss the complaint insofar as it was asserted by the appellants against it. The appeal brings up for review so much of an order of the same court, dated September 23, 1994, as, upon reargument, adhered to the prior determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated May 20, 1994,

is dismissed, without costs or disbursements, since that order was superseded by the order dated September 23, 1994, made upon reargument; and it is further,

Ordered that the order dated September 23, 1994, is modified by deleting therefrom the provisions which adhered to so much of the prior determination as (1) granted the branch of the cross motion of the defendant Richmond County Savings Bank which was to dismiss the complaint insofar as it was asserted by the appellants against it and (2) dismissed the counterclaim against the corporate plaintiffs and substituting therefor a provision denying the branch of the cross motion which was to dismiss the complaint insofar as it is asserted by the appellants against the defendant Richmond County Savings Bank; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated May 20, 1994, is amended accordingly, without costs or disbursements.

The Supreme Court improperly granted the branch of the cross motion of the defendant Richmond County Savings Bank (hereinafter RCSB) which was to dismiss the complaint insofar as it is asserted by the appellants against it on the ground that the appellants lack the capacity to sue (see, CPLR 3211 [a] [3]) due to their dissolution by proclamation of the Secretary of State. RCSB waived the defense of lack of capacity to sue by failing to raise it in its answer, in its amended answer, or in a motion before service of its answer (see, CPLR 3211 [e]; *Muchnick v Alcamo Supply & Contr. Corp.,* 169 AD2d 711; *Erljur Assocs. v Weissman,* 134 AD2d 321). Likewise, RCSB's counterclaim against the appellants was improperly dismissed on the ground that the appellants lack the capacity to be sued (see, Business Corporation Law § 1005 [a]; § 1006 [a] [4]).

The Supreme Court, however, correctly denied the appellants' motion for partial summary judgment. The appellants failed to proffer sufficient evidence to demonstrate that there are no triable issues of fact (see, *Zuckerman v City of New York,* 49 NY2d 557).

In light of the foregoing determination, we need not address the appellants' remaining contentions. Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.