◼ ERIC J. MacCAULL, an Infant, by His Parent and Natural Guardian, DONNA MacCAULL, Respondent, v HARRY A. BROWN, Appellant. [689 NYS2d 561] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of defendant's motion seeking to dismiss the complaint on the ground of lack of legal capacity to sue (*see, CPLR 3211 [a] [3]*). Although Eric J. MacCaull was 18 years old at the time of the incident and commencement of the action and thus misdescribed in the caption of the complaint as "an infant", the court did not err in directing that the caption of the complaint be amended to delete the name of his mother, who sued in her representative capacity as a parent, and to reflect that Eric is the sole plaintiff. The court properly concluded that reference to Eric as an infant was a mistake, that there was no question that Eric was the sole injured party, and that the misdescription constituted a mere irregularity. Additionally, although not raised by plaintiff, we note that de-

fendant waived his right to assert lack of legal capacity to sue as a basis for dismissal by failing to seek preanswer dismissal of the complaint on that ground and by failing to assert that defense in his answer (*see,* CPLR 3211 [e]; *City of New York v State of New York,* 86 NY2d 286, 292).

The court erred, however, in denying that part of defendant's motion seeking preclusion based on plaintiff's failure to provide a verified bill of particulars. Thus, we modify the order by granting that part of defendant's motion seeking preclusion unless plaintiff serves a verified bill of particulars upon defendant within 30 days of service of a copy of the order of this Court with notice of entry. (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Dismiss Pleading.) Present—Green, J. P., Pine, Wisner and Callahan, JJ.