RAINBOW HOSPITALITY MANAGEMENT, INC., Doing Business as THE PLEASUREDOME, Appellant, v MESCH ENGINEERING, P. C., et al., Respondents. (Appeal No. 2.) [705 NYS2d 765] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted defendants' motions to dismiss the amended complaint during the trial (*see,* CPLR 4401). We reject plaintiff's contention that the motions were based upon plaintiff's lack of legal capacity to sue (*see,* CPLR 3211 [a] [3]) and that defendants waived that defense by failing to raise it in their answers or by preanswer motion (*see,* CPLR 3211 [e]). "There is a difference between capacity to sue, which gives the right to come into court, and possession of a cause of action, which gives the right to relief in court" (*Kittinger v Churchill Evangelistic Assn.,* 239 App Div 253, 256; *see, Field v Allen,* 9 AD2d 551). Defendants moved to dismiss the amended complaint on the ground that plaintiff has no right to relief because plaintiff did not exist when the conduct complained of occurred and sustained no injury as the result of that conduct. That objection "runs to the sufficiency of the complaint as failing to state facts sufficient to state a cause of action" (*Wells v Merrill,* 204 App Div 696, 698; *see, Truty v Federal Bakers Supply Corp.,* 217 AD2d 951, 951-952; *Sterritt v Heins Equip. Co.,* 114 AD2d 616, 617), which may be raised by motion at any time (*see,* CPLR 3211 [e]; *Schel v Roth,* 242 AD2d 697; *Herman v Greenberg,* 221 AD2d 251). On the merits, the record establishes that plaintiff possesses no interest sufficient to maintain this action and the amended complaint was therefore properly dismissed pursuant to CPLR 3211 (a) (7) (*see, Burdett Radiology Consultants v Samaritan Hosp.,* 158 AD2d 132, 136; *see also, Wells v Merrill, supra,* at 698-699; *Carvel Farms Corp. v Bartomeo,* 50 Misc 2d 1073, 1077). (Appeal from Order of

Supreme Court, Niagara County, Koshian, J.—Negligence.)
Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt,
JJ.