(June 24, 2002)

■  A. WEIS REAL ESTATE CORP., Respondent, v MELVIN M. KATZ et al., Appellants. [744 NYS2d 888] —In an action to recover a real estate broker's commission, the defendants appeal from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), entered January 3, 2001, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $20,000.

Ordered that the judgment is affirmed, with costs.

The defendants failed to establish each element of the attorney-client privilege which they assert should have prevented the introduction of the testimony of the attorney who represented them during the transaction in question (*see Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371; *Matter of Priest v Hennessy,* 51 NY2d 62). The testimony elicited did not concern a "confidential communication" made to the attorney for the purpose of obtaining legal advice or services (*see* CPLR 4503 [a]; *Rossi v Blue Cross & Blue Shield of Greater N.Y.,* 73 NY2d 588; *Matter of Priest v Hennessy, supra*; *Erljur Assoc. v Weissman,* 134 AD2d 321; *Poteralski v Colombe,* 84 AD2d 887). Moreover, the defendants waived any privilege they may have had by squarely placing the matter in issue (*see New York TRW Tit. Ins. v Wade's Canadian Inn & Cocktail Lounge,* 225 AD2d 863, 864; *Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 834, 835; *Erljur Assoc. v Weissman,* 134 AD2d at 322). Therefore, the trial court properly overruled the defendants' objections to the introduction of the attorney's testimony regarding whether the defendants instructed him as to the mortgage contingency clause and their stated reasons for refusing to execute the contract of sale. "The assertion of the privilege would have been an obstacle to the truth-finding process at the trial but would not have had any real value in

protecting the appellants' confidential communications with their attorney" (*Erljur Assoc. v Weissman*, 134 AD2d at 322; see *Matter of Priest v Hennessy*, 51 NY2d at 68; *Matter of Jacqueline F.*, 47 NY2d 215, 219). S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.