■ FBB Asset Managers, Inc., Appellant, v Esther Freund et al., Respondents. [769 NYS2d 301]—

In an action, inter alia, to set aside certain alleged fraudulent conveyances and a proceeding pursuant to CPLR 5225 (b), inter alia, to enforce a money judgment, which were consolidated, FBB Asset Managers, Inc., appeals (1) from an order of the Supreme Court, Orange County (Owen, J.), dated August 6,

2001, which granted the motion of Esther Freund, Leopold Freund, and Jewelers World, Inc., to dismiss the action and the separate motion of those parties to dismiss the proceeding, and (2), as limited from its brief, from so much of an order of the same court dated January 28, 2002, as denied that branch of its motion which was for leave to renew.

Ordered that the order dated August 6, 2001, is reversed, on the law, the motions are denied, and the complaint and the petition are reinstated; and it is further,

Ordered that the appeal from so much of the order dated January 28, 2002, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic, in light of the determination on the appeal from the order dated August 6, 2001; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Contrary to the contention of the respondents Esther Freund, Leopold Freund, and Jewelers World, Inc., their defense that the appellant corporation was dissolved by proclamation of the New Jersey Department of the Treasury before the commencement of the instant action and proceeding speaks to the plaintiff's legal capacity to sue, and not to the sufficiency of its claims for relief. Therefore, they were bound to raise this defense in their answers, or in a motion to dismiss made prior to answering. They took neither step, and thus waived that defense (*see* CPLR 3211 [a] [3]; [e]; *Harte v Richmond County Sav. Bank,* 224 AD2d 585 [1996]; *Erljur Assoc. v Weissman,* 134 AD2d 321 [1987]; *Lorisa Capital Corp. v Gallo,* 119 AD2d 99 [1986]). The same holds true for the defense based on Business Corporation Law § 1312 (a) (*see RCA Records v Wiener,* 166 AD2d 221 [1990]).

The respondents' remaining contentions either are academic in light of our determination, or without merit. Smith, J.P., McGinity, H. Miller and Rivera, JJ., concur.