■ LAWRENCE G. WILLIAMS, Appellant-Respondent, v DENNIS L. STEIN et al., Respondents-Appellants. [775 NYS2d 255]—

Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 10, 2003, which granted defendants' motion to dismiss the complaint for plaintiff's lack of capacity to sue, unanimously affirmed, without costs.

Whether the legal malpractice claim asserted in the complaint is viewed as having accrued prior to the filing of the bankruptcy petition, as the motion court held, or postpetition, as plaintiff contends, the claim is still the property of the bankrupt estate pursuant to the Bankruptcy Code (11 USC § 541 [a] [1], [7]), and may not be maintained by plaintiff in his individual capacity (*In re Tomaiolo*, 205 BR 10 [1997]; *see also In re C-Power Prods., Inc.*, 230 BR 800, 803 [1998]; *In re Dow*, 132 BR 853, 859 [1991]). Such a chose in action is exercisable only by the trustee in bankruptcy.

Having concluded that the motion court properly dismissed the complaint on plaintiff's lack of legal capacity to sue (CPLR 3211 [a] [3]), we need not reach the issue raised on the cross appeal that the action should have been barred by the statute of limitations. Were we to reach this issue, we would conclude that the motion court properly determined that material issues of fact exist with respect to when defendant Stein ceased acting as plaintiff's counsel. The legal malpractice claim accrued in 1990 when Stein was alleged to have negligently advised plaintiff to file for bankruptcy, and not nine years later when plaintiff discovered it, upon assessment by the Internal Revenue Service of additional taxes, penalties and interest (*see In re Tomaiolo, supra*). Under the doctrine of continuous representation, the statute of limitations was tolled until Stein ceased acting as plaintiff's counsel (*see Shumsky v Eisenstein*, 96 NY2d 164 [2001]). Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.