HOUSEHOLD BANK (SB), N.A., Respondent, v STEVE N. MITCHELL, Appellant. [785 NYS2d 116]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), entered January 27, 2003, as granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The evidence presented by the plaintiff established its prima facie entitlement to summary judgment on its first cause of action for the amount owed on a credit card it issued to the defendant (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the defendant failed to present evidence sufficient to raise a triable issue of fact as to his liability (*see Zuckerman v City of New York*, 49 NY2d 557, 563-564 [1980]).

The defendant waived his claim that the plaintiff lacked the capacity to sue a party in the State of New York because it was doing business in the state without authority in violation of Business Corporation Law § 1301, as he failed to raise that claim either in his answer or in a motion to dismiss before service of his answer (*see* Business Corporation Law § 1312 [a]; CPLR 3211 [a] [3], [e]; *FBB Asset Mgrs. v Freund*, 2 AD3d 573, 574 [2003]; *Harte v Richmond County Sav. Bank*, 224 AD2d 585, 586 [1996]).

The defendant did not establish that the plaintiff was doing business in New York at the time the parties entered into the contract at issue (*see International Fuel & Iron Corp. v Donner Steel Co.*, 242 NY 224, 229-231 [1926]) sufficient to overcome "the presumption that [the] plaintiff does business, not in New York but in its State of incorporation" (*Construction Specialties v Hartford Ins. Co.*, 97 AD2d 808 [1983]). Further, the defendant failed to demonstrate any violation by the plaintiff of the Federal Fair Credit Billing Act (*see* 15 USC § 1666).

Contrary to the defendant's contention, the Supreme Court properly determined that there was no proof of any outstanding discovery which, if complied with, might reveal information

exclusively within the plaintiff's knowledge with which the defendant could successfully oppose the plaintiff's motion (*see Rivas v 525 Bldg. Co.,* 293 AD2d 733, 735 [2002]). Despite the fact that the defendant had ample opportunity to obtain the allegedly outstanding discovery before the filing of the motion for summary judgment, he failed to do so. He cannot now argue that his failure to present evidentiary facts in opposition should have been excused on the ground that the facts needed are exclusively within the knowledge of the plaintiff (*see Meath v Mishrick,* 68 NY2d 992, 994-995 [1986]; *Dennis v City of New York,* 304 AD2d 611, 612-613 [2003]; *Douglas Manor Assn. v Alimaras,* 215 AD2d 522, 524 [1995]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Adams, Crane and Spolzino, JJ., concur.