■ C&D RODRIGUEZ GENERAL CONTRACTING, INC., Appellant, v GUSTAVO GATELL et al., Respondents. [807 NYS2d 877]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated July 28, 2003, as granted those branches of the defen-

dants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) and to preclude it from offering proof in support of its defenses to the counterclaims, and (2) from a judgment of the same court entered November 18, 2003, which, after an inquest on the issue of damages, is in favor of the defendants and against it in the principal sum of $90,514 on the counterclaims.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the counterclaims are dismissed, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Under the circumstances presented, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint was properly granted (*see Rainbow Hospitality Mgt. v Mesch Eng'g*, 270 AD2d 906 [2000]). However, in light of the defendants' concession that, under the facts of this case, the granting of that branch of their motion which was to dismiss the complaint would "non-suit" them on their counterclaims, those counterclaims should have been dismissed as well.

The parties' remaining contentions are either without merit or have been rendered academic in light of the foregoing determination. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.