■ ANN EDWARDS, Respondent, v SIEGEL, KELLEHER & KAHN et al., Appellants. [811 NYS2d 828]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered November 18, 2004. The order denied defendants' motion for summary judgment dismissing the complaint in a legal malpractice action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff hired defendants to represent her in a matrimonial action and, after filing for bankruptcy, she commenced this legal malpractice action. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Plaintiff contends for the first time on appeal that defendants waived the defense of lack of capacity to sue by failing to raise it in a preanswer motion to dismiss or in their answer (*see* CPLR 3211 [a] [3]; [e]). We agree with plaintiff that defendants waived the defense (*see Household Bank [SB], N.A. v Mitchell*, 12 AD3d 568 [2004]; *MacCaull v Brown*, 261 AD2d 829, 829-830 [1999]). We consider plaintiff's contention despite the fact that it is raised for the first time on appeal inasmuch as defendants could not have opposed that contention " 'by factual showings or legal countersteps' " before Supreme Court (*Oram v Capone*, 206 AD2d 839, 840 [1994]; *see Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359 [2003]; *cf. MacCaull*, 261 AD2d at 829-830). We note that, in support of their motion, defendants couched their request for relief in terms of the defense of failure to state a cause of action. There is a distinction, however, between a plaintiff's legal capacity to sue and the sufficiency of a plaintiff's claim for relief (*see FBB Asset Mgrs. v Freund*, 2 AD3d 573, 574 [2003]; *Rainbow Hospitality Mgt. v Mesch Eng'g*, 270 AD2d 906 [2000]), and defendants' contention that the malpractice claim belongs to the bankruptcy estate rather than plaintiff raises an issue regarding plaintiff's legal capacity to sue (*see Kenney v National Fuel Gas Distrib. Corp.*, 8 AD3d 989 [2004]; *Tri-State Sol-Aire Corp. v Martin Assoc.*, 7 AD3d 514, 515 [2004]; *Williams v Stein*, 6 AD3d 197, 198 [2004]). We further agree with plaintiff that there is a triable issue of fact whether defendants committed legal malpractice (*see generally Rigby v David Share Assoc.*, 8 AD3d 1006 [2004]). Present— Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.