■ Vanessa Ladson, Appellant, v Steven E. Fessel, Respondent. [926 NYS2d 300]—

In an action to recover damages for podiatric malpractice, the plaintiff appeals, as limited by her brief, from so much of an amended order of the Supreme Court, Rockland County (Walsh II, J.), entered August 3, 2010, as granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (3).

Ordered that the amended order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, in accordance with the terms of CPLR 3211 (e), the defendant did not waive the defense of the plaintiff's lack of capacity to sue (*see* CPLR 3211 [a] [3]). "The fact that [the defendant] failed to formally amend [his] answer and chose to move to dismiss instead should make no difference in this case" (*Bennett v First Natl. Bank of Glens Falls*, 146 AD2d 882, 885 [1989]). Under the particular circum-

stances of this case, "[t]o hold otherwise would place form before substance" (*id.* at 885; *see Barrett v Kasco Constr. Co.*, 56 NY2d 830 [1982], *affg* 84 AD2d 555 [1981]; *Ficorp, Ltd. v Gourian*, 263 AD2d 392, 392-393 [1999]; *George Strokes Elec. & Plumbing v Dye*, 240 AD2d 919, 920 [1997]; *Dampskibsselskabet Torm A/S v Thomas Paper Co.*, 26 AD2d 347, 352 [1966]; *Scott v Malik*, 22 Misc 3d 1124[A], 2009 NY Slip Op 50270[U] [2009]; *cf. Guiffrida v Storico Dev., LLC*, 60 AD3d 1286, 1287 [2009]; *Edwards v Siegel, Kelleher & Kahn*, 26 AD3d 789, 790 [2006]; *Dawson v Riverbay Corp.*, 26 Misc 3d 143[A], 2010 NY Slip Op 50389[U] [2010]).

Moreover, the Supreme Court properly determined that the plaintiff's failure to list the cause of action to recover damages for podiatric malpractice, which had accrued in August 2006, as an asset on the appropriate schedule submitted with her July 2, 2008, bankruptcy petition warrants dismissal of the complaint. The aforementioned cause of action remained the property of the estate in bankruptcy, and the plaintiff lacks the authority to bring the present action (*see* 11 USC § 541 [a] [1]; § 554 [c], [d]; *Kane v National Union Fire Ins. Co.*, 535 F3d 380, 385 [2008]; *Parker v Wendy's Intl., Inc.*, 365 F3d 1268, 1272 [2004]; *see also Dynamics Corp. of Am. v Marine Midland Bank-N.Y.*, 69 NY2d 191, 196-198 [1987]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.