MJ Sanfilippo & Associates, Inc., Respondent,
against
Sandie Charlack, Also Known as Sandie Lipsky and Sandie Lipsky Landscape Design, Ltd., Appellants.




Robert A. Bruno, Esq., for appellants.
Kirschenbaum & Phillips, P.C. (Laticia M. Spears, Esq.), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), dated January 20, 2016. The order denied defendants' motion to dismiss the complaint.




ORDERED that the order is affirmed, without costs.
In January 2013, plaintiff commenced this action for breach of contract and based on an account stated to recover the principal sum of $10,470.19, alleging that defendants had not paid plaintiff for accounting services that plaintiff had rendered on defendants' behalf. Issue was joined in February 2013. In September 2015, defendants moved, pursuant to CPLR 3211 (a) (7) and "various sections of Article 15 of the Business Corporation Law," to dismiss the complaint for failure to state a cause of action and "lack of standing and capacity to sue," on the ground that plaintiff's principal, Michael Sanfilippo, had passed away on January 25, 2012, before this action had been commenced, and that, after his death, plaintiff was without legal authority to commence any civil action in its own name. In an order dated January 20, 2016, from which defendants appeal, the District Court denied defendants' motion.
Although defendants sought to dismiss the complaint based upon "lack of standing and capacity to sue," the issue here is not one of "standing," but rather of plaintiff's "capacity," i.e., its authority to commence this action (see Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 154-156 [1994]). As defendants failed to raise plaintiff's alleged lack of legal capacity to sue (see CPLR 3211 [a] [3]) in their answer or in a pre-answer motion to dismiss the [*2]complaint, this ground for dismissal was waived (see CPLR 3211 [e]). In view of the foregoing, we do not reach the merits of defendants' lack of capacity defense.
Defendants sought, in the alternative, to dismiss the complaint, pursuant to CPLR 3211 (a) (7), based upon plaintiff's alleged failure to state a cause of action, which ground for dismissal may be asserted at any time in the litigation (see CPLR 3211 [e]). There is a distinction between the capacity to sue, which gives a party the right to come into court, and the possession of a cause of action, which gives a party the right to relief in court (see Kittinger v Churchill Evangelistic Assn., 239 App Div 253, 256 [1933]). Defendants' proffered ground for dismissal speaks not to the sufficiency of plaintiff's cause of action (see e.g. FBB Asset Managers, Inc. v Freund, 2 AD3d 573 [2003]), but rather to plaintiff's capacity to sue, which ground for dismissal, as noted, has been waived. Consequently, defendant's motion to dismiss the complaint was properly denied.
Accordingly, the order is affirmed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: April 27, 2017