Burbacki v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP (2019 NY Slip Op 04128)





Burbacki v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP


2019 NY Slip Op 04128


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-05844
 (Index No. 509725/15)

[*1]Ella Burbacki, appellant, 
v
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, et al., respondents.


Burbacki Law Group, Brooklyn, NY (Zarina Burbacki of counsel), for appellant.
Law Offices of Steven Cohn, P.C., Carle Place, NY (Susan E. Dantzig and Peter Chatzinoff of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated April 8, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for legal malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2015, the plaintiff commenced this action against the law firm Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, and three attorneys at the law firm (hereinafter collectively the defendants), inter alia, to recover damages for legal malpractice. The plaintiff alleged, among other things, that based upon the defendants' inaccurate advice and misrepresentations, she filed for bankruptcy protection under chapter 7 of the United States Bankruptcy Code on March 20, 2012. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for legal malpractice on the ground, among other things, that the plaintiff lacked the legal capacity to sue. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
The commencement of a bankruptcy proceeding creates an "estate" that is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" (11 USC § 541[a][1]; see Osborne v Tulis [In re Osborne], 2013 US Dist LEXIS 190402, *5 [SD NY, No. 13 CV 2803 (VB)]). "Upon the filing of a voluntary bankruptcy petition, all property which a debtor owns, including a cause of action, vests in the bankruptcy estate" (Keegan v Moriarty-Morris, 153 AD3d 683, 684 [internal quotation marks omitted]; see 11 USC § 541[a][1]; Osborne v Tulis [In re Osborne], 2013 US Dist LEXIS 190402, *5-6). "Although federal law determines when a debtor's interest in property is property of the bankruptcy estate, property interests are created and defined by state law" (In re Ross, 548 BR 632, 637 [ED NY], affd sub nom. Mendelsohn v Ross, 251 F Supp 3d 518 [ED NY]; see Broadwall Am., Inc. v Bram Will-El LLC, 32 AD3d 748, 750). Causes of action that accrue under state law prior to the filing of a bankruptcy petition, as well as those that accrue as a result of the filing, are property of the estate (see Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A. v Alvarez [In re Alvarez], 224 F3d 1273, 1277-1278 [11th Cir]; Winick & Rich, P.C. v Strada Design Assocs. [In re Strada Design Assocs.], 326 BR 229, 235 [SD NY]). "[A] debtor's failure to list a legal claim as an asset in his or her bankruptcy proceeding causes the claim to remain the property of the bankruptcy estate and precludes the debtor from pursuing the claim on his or her own behalf" (123 Cutting Co. v Topcove Assoc., 2 AD3d 606, 607; see 11 USC § 554; Ladson v Fessel, 85 AD3d 1128, 1129; see also Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 195-196).
Here, the plaintiff's legal malpractice cause of action accrued on March 20, 2012, when she, acting on the defendants' advice, filed the bankruptcy petition (see McCoy v Feinman, 99 NY2d 295, 301; Tantleff v Kestenbaum & Mark, 131 AD3d 955, 956; Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796). Since the plaintiff had an interest in the legal malpractice cause of action "as of the commencement of the case" (11 USC § 541[a][1]), we agree with the Supreme Court's conclusion that the cause of action was property of the bankruptcy estate and that the plaintiff lacked the legal capacity to sue on that cause of action (see Williams v Stein, 6 AD3d 197, 198; Osborne v Tulis [In re Osborne], 2013 US Dist LEXIS 190402, *7-8; see also Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A. v Alvarez [In re Alvarez], 224 F3d at 1275-1278).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the cause of action to recover damages for legal malpractice.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court